PEOPLE ex rel. U. S. TRUST CO. *v.* BARKER.   131

Hun.]                    First Department, April Term, 1895.

The People of the State of New York ex rel. The United States Trust Company, Respondent, *v.* Edward P. Barker and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.

*Taxation of a corporation — dividends declared payable in the future, not " surplus profits or reserved funds" —* 1857, *chap.* 456, § 3.

Dividends declared by a corporation, but payable in the future, become at once the property of the shareholders and are thereafter held by the corporation simply as a trustee for the shareholder.

A corporation declared a dividend on the 7th day of December, 1893, and made it payable on the 10th day of January, 1894. The 8th day of January, 1894, was the day appointed by the proper authorities as that upon which the taxable status of the corporation should be determined.

*Held,* that the dividend was not a part of the " surplus profits or reserved funds " of the corporation, and was not taxable as property of the corporation under the provisions of section 3 of chapter 456 of the Laws of 1857.

Appeal by Edward P. Barker and others, as commissioners of taxes and assessments of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of January, 1895, adjudging the proceedings of the respondents in regard to the assessment of the relator for taxation on its capital stock to be illegal and erroneous, reducing the relator's assessment and correcting the tax to be levied thereunder.

The second Monday of January, 1894, was the eighth day of that month.

*David J. Dean,* for the appellants.

*Edward W. Sheldon,* for the respondent.

O'Brien, J.:

The facts upon which the propositions of law were to be argued upon this appeal, stipulated in the court below, are as follows:

I. That the relator is a trust company, duly created and existing under and by virtue of the laws of the State of New York, and transacts its business at No. 45 Wall street in said city.

II. That at a regular meeting of the board of trustees of the relator, held on the 7th day of December, 1893, the following

132 PEOPLE ex rel. U. S. TRUST CO. *v.* BARKER.

First Department, April Term, 1895. [Vol. 86.

action was taken: "The question being on the adoption and recommendation of the examining committee, it was resolved and carried that the report be adopted as read, and a dividend of sixteen per cent was declared, payable January 10, 1894."

III. That on the said 7th day of December, 1893, there was set apart on the books of the relator to the credit of the "Eightieth Dividend" account, and charged to "Profit and Loss," out of the net profits for the preceding six months, the sum of $320,000; that said sum was paid out as such dividend on the 10th day of January, 1894.

IV. That during the period from December 7, 1893, to January 10, 1894, there was continuously on deposit in the Bank of the Manhattan Company to the credit of the relator a sum in cash exceeding $320,000, but that sum was not separated on the books of said bank from the general cash held to the credit of the relator, nor in any way indicated as a special deposit until said 10th day of January, 1894.

V. That in each statement rendered by the relator to the commissioners prior to that for the year 1894, the amount of the semi-annual dividend declared by the relator in the preceding December and payable the January 10 thereafter, has been deducted from the taxable value of the relator's capital stock, and such deduction has been allowed by the commissioners.

It will be noticed that the dividend was declared on the 7th day of December, 1893, payable January 10, 1894, and the date fixed for ascertaining what should be assessable as the capital stock of the corporation liable to taxation was the second Monday of January, which was intermediate between the date of the declaration and the payment of the dividend. The relator claimed that this dividend was not one of the assets, nor subject to taxation on the second Monday of January, 1894, and it is from the conclusion of the judge at Special Term sustaining this view that the appeal is taken.

Section 3, chapter 456 of the Laws of 1857, under which the relator was taxed, is as follows: "The capital stock of every company liable to taxation, except such part of it as shall have been excepted in the assessment roll, or as shall have been exempted by law, together with its surplus profits or reserved funds, exceeding ten per cent of its capital, after deducting the assessed value of its

real estate, and all shares of stock in other corporations actually owned by such company which are taxable upon their capital stock under the laws of this State, shall be assessed at its actual value, and taxed in the same manner as the other personal and real estate of the county."

The question presented, therefore, is, was the amount of such dividend one of the assets of the relator constituting a part of its "surplus profits or reserved funds," or was it a debt which the relator was entitled to have deducted from the taxable assets of the company? In *Matter of Kernochan* (104 N. Y. 616, 624) it is said : " As soon as the profits on shares of stock are ascertained and declared, they cease to be the property of the company, and the owner of the shares becomes entitled to the dividend. It at once forms part of his estate. The fact that they are made payable at a future time is immaterial." In *Hopper* v. *Sage* (112 N. Y. 530) it is said : " This is so in regard to dividends declared, but which are payable at a future time, and such dividends belong to the owner of the stock when declared. The declaration of the dividend is in legal contemplation a separation of the amount thereof from the assets of the corporation which holds such amount thereafter as the trustee of the stockholder at the time of the declaration of the dividend." And in *Jermain* v. *Lake Shore & Mich. South. Ry. Co.* (91 N. Y. 488, 492) it is said : " When a dividend has once been declared out of net earnings, the amount of such dividend is no longer a part of the assets of the company, but is appropriated or set apart for the shareholders. They receive credit for the dividends, and the corporation simply holds them as their trustee."

These authorities would seemingly be conclusive, but their force is sought to be avoided, *first*, by the language of the statute under which the relator was taxed; *second*, by the claim that the question disposed of in the cases cited was one between individuals; and, *third*, that the effect of permitting the deduction would be to enable the amount of the dividend altogether to escape taxation.

Even though it be assumed that the relator would have had the right to rescind the resolution under which the dividend was declared, and thus leave its surplus profits or reserved funds unimpaired, this cannot be regarded as conclusive upon the question as to whether the amount of such dividend constituted a part of the

relator's assets or a part of either of the funds mentioned in the statute. Nor do we think it is to be determined by a consideration of whether, strictly speaking, the amount is to be regarded as a debt and thus deductible from taxable assets; the question really being whether it is a portion of the surplus profits or reserved funds, and the authorities cited favor the view urged by the respondent, that a sum dedicated to a specific use and no longer available for corporate purposes as long as the dividend resolution stands (which it did upon the second Monday of January) can no more be regarded as surplus or reserve than could the balances due depositors; and it having been held that the effect of a declaration of a dividend is to place the corporation in the position of trustee for those in whose favor the dividend was declared, and for the recovery of which they might sue, it cannot be regarded as part of the surplus profits or reserved funds of the corporation.

The second distinction sought to be made between the cases cited and the one at bar, that the questions there involved were between private individuals, while here it is between the municipality and a corporation, seems to us without force, because the legal principles controlling the disposition of the question would be the same. The third reason urged by appellants, that this would permit the amount of the dividend to escape taxation altogether, is equally without force, because if it is property which belongs to the persons in whose favor the dividend was declared, it should not be taxed as part of the assets of the corporation. Nor to the end that the tax might be collected should one not liable be obliged to pay it.

We think the order appealed from was right and should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Order affirmed, with costs.