case and at the close of the whole case, defendant's motion to dismiss the complaint or for the direction of a verdict should have been granted, and the exceptions taken to a denial thereof were well taken.

The judgment must also be reversed for errors in the charge. Proof was admitted to the effect that the defendant employed third parties to repair some of the cans which he had in use, and the court, upon request of plaintiff's counsel, charged in different forms, in substance, that, if the books of such third parties had been produced, they would have been some evidence of the truth of the statements made by defendant as to how many times he had had the cans repaired, what repairs had been made, and that the non-production of such books might be considered by the jury in determining whether the plaintiff was entitled to recover. The defendant's counsel duly excepted to such instructions. The exceptions were well taken. The books, if produced, would have been inadmissible, and, had they been received, would not, so far as appears, have proven anything with reference to the can in question. Other errors are alleged, but it is unnecessary here to consider them, inasmuch as they are not likely to be presented upon another trial.

The judgment and order appealed from must be reversed, and new trial ordered, with costs to appellant to abide event. All concur.

———————

(101 App. Div. 476)

### BILLINGHAM v. E. P. GLEASON MFG. CO.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. CORPORATIONS—SCRIP DIVIDENDS—WHEN PAYABLE.

   Where scrip dividends, representing the undivided earnings of a corporation, were evidenced by a certificate reciting that it was payable at the pleasure of the corporation, it was payable within a reasonable time, and, some having been paid, all were payable.

   McLaughlin and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Lottie P. Billingham against the E. P. Gleason Manufacturing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See 88 N. Y. Supp. 398.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Roderick Robertson, for appellant.

Oscar Wagner, for respondent.

PATTERSON, J. This cause was tried at the Special Term, and a judgment was directed and entered for the plaintiff, from which the defendant appeals. The findings of fact made by the court, and which are material to the disposition of the cause, are all supported by the evidence, and, indeed, do not seem to be disputed.

It appears that the defendant, E. P. Gleason Manufacturing Company, was a domestic corporation, and that one Frank Billingham was the owner of record and the proprietor of five shares of its capital stock, which he owned from January, 1872, until his death in September, 1902, and that the plaintiff is now the sole legatee and owner of those five shares. Connected with the shares was a scrip dividend (No. 67) issued by the defendant. In July, 1875, it was voted by the corporation to declare a dividend of $35 per share in cash and notes, and that scrip for the amount of the surplus be issued to the stockholders, in proportion to stock then held by them, and subject to the same conditions. At a meeting held on July 28, 1881, it was voted to pay 4 per cent. interest yearly on scrip dividends then held by members of the company. Semiannual payments thereof to begin on December 30, 1881. At an annual meeting held in July, 1882, it was voted that profits be added to outstanding scrip, and that new scrip dividends be issued for the whole amount, with interest at 4 per cent., to be paid semiannually on January 1st and July 1st. At an annual meeting held in July, 1883, it was voted to pay one-half of a net balance outstanding in cash or notes, with interest, and one-half in scrip dividend, and at a meeting held in July, 1884, a cash dividend of $12 per share was voted. In July, 1890, the trustees were authorized to buy in any of the company's scrip offered for sale, and at a trustees' meeting held in February, 1902, $5,000 was appropriated to the reduction of the scrip-dividend account. There was issued to Frank Billingham, for and representing an accumulation of scrip dividends declared at all these annual meetings, a certificate in the following words and figures, viz.:

"No. 67.                                                                                 $935.29.
              "E. P. Gleason Manufacturing Co.

"This certifies that F. Billingham is entitled to Nine Hundred Thirty-Five $29/100$ Dollars, Scrip Dividend, representing the undivided earnings on Certificate No. ——— of the E. P. Gleason Manufacturing Co. for the year 18—.

"This dividend is payable at the pleasure of the Company, and in case of surrender of Certificate of stock on which it is issued, this Certificate is to be surrendered with it.

"F. W. Belmont, Secretary.                          E. P. Gleason, President."

Interest at the rate of 4 per cent. on this certificate was regularly paid upon it and the outstanding scrip certificates of a like character. The scrip dividend account, of which the certificate No. 67 formed a part, was carried on the books of the defendant company as a liability, and was stated to be such in reports and affidavits made by the company to the tax authorities, and was set out as an item of the company's liabilities in the treasurer's report to the stockholders at the annual meeting held in February, 1903. Some stockholders who held scrip certificates of the same class and description as the certificate in suit have been paid the amounts called for by their certificates, and some have accepted two-thirds of the amount called for by their particular certificates in payment thereof. It is found by the court that the defendant was a close corporation, its stock and scrip, with the exception of a very small part, being owned and held by the trustees of the estate of E. P. Gleason, and that the president and vice president are trustees

of said estate.   There was a by-law of the company which provided that employés, etc., on retiring from the employment of the company (and Frank Billingham was an employé), will be required to return the stock held by them to the company, for which they would receive the same amount which they paid for the stock, and a proportion of dividends when the next dividend thereafter shall be declared and paid. After the death of Mr. Billingham, the plaintiff tendered said scrip dividend certificate, No. 67, to the company, and demanded payment thereof, which was refused, and likewise tendered with it the five shares of stock held by her husband at the time of his death.   Some of the stockholders, who were employés and relatives of Mr. E. P. Gleason, were paid their scrip-dividend certificates, similar in every respect to the plaintiff's, without their retirement from the employ of the company, and without the surrender and payment of the capital stock held by them.   It is found as a fact that the year date in the certificate, No. 67, was left blank because the certificate represented an accumulation, and not the dividend of any one year, and that the omission therein of the number of the stock certificate was an inadvertence.

The facts found by the court below have been stated in full, in order that the whole case may be presented compactly.   The conclusions of law arrived at by the learned judge at Special Term were that the scrip-dividend certificate, No. 67, represented an accumulation of scrip dividends declared at annual meetings of the stockholders; that it was within their power to make such dividends, and this certificate was issued as evidence of a debt due Frank Billingham from the defendant company; that the directors or trustees of the defendant company ratified and adopted the declaration of scrip dividends, and the issue of the certificates therefor; that the plaintiff has title to the stock and the scrip-dividend certificate; that the condition expressed in the certificate, "This dividend is payable at the pleasure of the company," rendered the dividend payable within a reasonable time, which time has expired; and that payment by the company to some of the stockholders of their scrip dividends of the same class and description as the plaintiff's, and a refusal to pay the plaintiff her scrip dividend, was an unlawful discrimination in the payment of dividends to stockholders; and it was adjudged that the plaintiff is entitled to judgment decreeing the amount of said scrip-dividend certificate a valid obligation of the defendant, now presently payable, with the costs of the action.

Upon the facts as found, it is established that the scrip dividend represented and was intended to constitute an indebtedness of the company to the holder of that certificate.   The form of the certificate, as well as its substance, indicates an appropriation by the company of a proportion of undivided earnings to the holder of that certificate.   That is to say, there was an appropriation of $935.29 of scrip dividend, representing the undivided earnings on Billingham's certificate.   That constituted an indebtedness of the company to Billingham.   It was so much set apart and reserved for him as undivided earnings.   His share was ascertained, and his right to it was fixed.   It was a divided share of past earnings, and, as I think, became a severed indebtedness of the company, for nothing is better understood than that a dividend, when

declared, is a debt due absolutely to the stockholders. It was an obligation perfect and complete in its character, although payment was postponed to a future time. It was debitum in præsenti, solvendum in futuro. The only answer to that conclusion would be that the certificate contains the statement that "This dividend is payable at the pleasure of the Company," and hence the argument is made that there was no dividend at all until the company should express its intention to pay. In view of the way in which these certificates have been treated by the company itself, that construction is inadmissible. What is referred to in the clause just quoted is the time of payment, not the obligation to pay. That clause cannot be construed as a nullification of the preceding one disclosing the existence of the liability. There were certain requirements, as appears by the findings of fact, necessary to be complied with before the certificate was paid, but the plaintiff offered to make such compliance.

The finding of the court below that the dividend was payable within a reasonable time was, we think, correct, because of the absolute nature of the obligation; and, whether that be so or not, it appears that a dividend was paid to other holders of certificates of a like character and class with that held by the plaintiff, and, when the company elected to pay any holder, it put all the holders on the same plane. It therefore cannot make a discrimination between holders of these certificates, and favor one while repudiating or ignoring the claim of another. In a few words, this certificate represented an obligation of the company to pay a certain sum of money, the time at which payment was to be made being left to the determination of the company itself. The obligation being absolute, the payment was to be made within a reasonable time, and the plaintiff waited a reasonable time before bringing this action. In addition to that, by paying similar certificates to the holders thereof the company made all the certificates payable, for it had no right of selection as to the payment of individual certificates.

The judgment, therefore, should be affirmed, with costs.

O'BRIEN and HATCH, JJ., concur.

McLAUGHLIN, J. (dissenting). The defendant was incorporated in 1871, with an authorized capital stock of $25,000, represented by 1,000 shares, of $25 each. This action is brought to recover $935.29, being the aggregate amount of various scrip dividends represented by one certificate issued between the years 1875 and 1884, and which is in the following form:

"No. 67.                                                        $935.29.
                    "E. P. Gleason Manufacturing Company.

"This certifies that F. Billingham is entitled to Nine Hundred Thirty-five 29/100 Dollars Scrip Dividend, representing the undivided earnings on Certificate No. ———— of the E. P. Gleason Manufacturing Company for the year 18—.

"This dividend is payable at the pleasure of the Company, and in case of surrender of Certificate of stock on which it is issued this certificate is to be surrendered with it.

"F. W. Belmont, Secretary.                    E. P. Gleason, President."

From the incorporation of the defendant until 1875 it paid cash dividends upon its capital stock, but in the month of July of the latter year, deeming it unwise to divide and pay to its respective stockholders all of its net earnings, it, instead, issued scrip dividends representing in part, at least, such net earnings; and from that time until 1884, when such undivided earnings amounted to $194,524.23, it ceased to issue such scrip. The scrip was issued in pursuance of a resolution passed on the 27th day of July, 1875, which provided for a regular cash dividend and for the creation of a surplus; and, after declaring the cash dividend, the resolution provided that the "scrip for amount of surplus be issued to stockholders in proportion to stock now held and subject to same conditions and payable at the pleasure of the Company."

The plaintiff is the sole legatee under the will of Francis Billingham, who, from the time of the incorporation of the defendant down to his death in 1902, held five shares of the capital stock of the company, during which time he was a director, and, as such, took part in its management, and acquiesced in the resolution referred to. After the passage of the resolution of 1875, nothing further appears to have been done with reference to the scrip issued in pursuance thereof until 1881, when, at the annual meeting held in that year, a resolution was passed by the stockholders instructing the treasurer of the company "to pay interest at the rate of four per cent. per annum on the scrip dividends now held by members of this company; that the payments be semiannual, commencing December 30, 1881; that said payments be charged on the books of the company and also be endorsed on the back of each certificate." No provision was made for the payment of interest on such scrip from 1875 until 1881, nor does there seem to have been any corporate act indicating, so far as it was concerned, any obligation to pay such interest. Upwards of 95 per cent. of the capital stock of the company during this time, and in fact down to the date of the trial, was held by E. P. Gleason or his estate; and to have paid all of the scrip issued, purporting to represent the surplus, would, according to the uncontradicted testimony, have bankrupted the company. In confirmation of this proof, evidently, a statement was made at the trial, which was not contradicted, to the effect that the Gleason estate had offered to sell to the plaintiff any or all of the scrip which it held, for 15 cents on the dollar, and an offer was then made to take 10 cents on the dollar for it.

The corporation, acting through its board of directors, had the right to determine whether its net earnings should be divided among its stockholders in the form of a dividend, or whether stock or certificates with conditions attached should be issued, representing the same. Williams v. Western Union Telegraph Co., 93 N. Y. 162. The surplus or net earnings of the company, represented by the certificate sued on, was never actually divided; and there never was any intent, so far as appears, on the part of the corporation, to divide such surplus among its stockholders. On the contrary, such certificate was intended to be, in effect, and, I think, was noth-

ing more nor less than, a certificate of stock; and this intent is so clearly manifested by the resolution of 1875 that it seems unnecessary to resort to argument to show it. The company, it will be remembered, by that resolution provided for a cash dividend, and also for the issuance of the scrip to stockholders "in proportion to stock now held and subject to same conditions and payable at the pleasure of the Company." To give effect to the scrip in the manner done by the Special Term, and approved in the prevailing opinion, is to entirely eliminate from the resolution the words "subject to same conditions," and also to overlook or ignore the fact that a cash dividend was then declared, and that the scrip was made subject to payment "at the pleasure of the Company." Not only this, but the further fact must be overlooked that the corporation itself did not consider it a binding and enforceable obligation, as evidenced by the resolution in 1881, when it provided for the payment of 4 per cent. interest on such scrip, making no provision whatever, if it were a binding obligation, for the payment of interest between 1875 and that year, and that the plaintiff's testator was then a director of the corporation, took part in its management, and acquiesced in the passage of the resolution; also that the payment of all the scrip would have bankrupted the company.

It is true that in a few instances stockholders were paid in full for the scrip which had been issued to them, but this was in pursuance of a resolution which provided that when stock held by persons was surrendered the scrip should be paid, or else by way of compromise. Such payment cannot affect in any way the rights of the plaintiff. They must be determined by the obligation which she holds, and this obligation, when construed in the light of the resolution under which it was issued, does not, as it seems to me, entitle her to recover. The corporation has never, in fact, divided the surplus or net earnings represented by this certificate, and directed a payment of the same to its respective stockholders. All that has been done is to declare that the stockholders have an interest in such surplus according to their respective holdings, the legal effect of which is nothing more or less than issuing certificates of stock for the same.

For these reasons, I am unable to concur in the prevailing opinion. I think the judgment should be reversed, and a new trial ordered, with costs to appellant to abide event.

LAUGHLIN, J., concurs.