## UNITED STATES v. GUINZBURG.

(Circuit Court of Appeals, Second Circuit.    December 14, 1921.)

### No. 54.

Internal revenue ⬤➂7—Dividend declared before Income Tax Act took effect held not "income" of stockholder, taxable thereunder, though not paid until afterward.

Under Income Tax Act Oct. 3, 1913, § 2, A, subd. 1, which took effect from March 1, 1913, and imposed an annual tax on the entire net income of citizens and residents "arising or accruing from all sources in the preceding calendar year," a dividend declared by a corporation prior to March 1, 1913, though not paid until after that date, *held* to have been capital of the stockholder at the time the act took effect, and not taxable as income arising or accruing thereafter.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against Henry A. Guinzburg. Judgment for defendant, and the United States brings error. Affirmed.

William Hayward, U. S. Atty., of New York City (Edward F. Unger, of New York City, Asst. U. S. Atty., of counsel), for the United States.

Sullivan & Cromwell, of New York City (Eustace Seligman, of New York City, of counsel), for defendant in error.

Before HOUGH, MANTON and MAYER, Circuit Judges.

MANTON, Circuit Judge. On the 17th of February, 1913, the I. B. Kleinert Rubber Company declared a dividend of 18 per cent. to common stockholders of record on January 30, 1913. This dividend was payable July 1, 1913. The defendant in error was a stockholder on the 30th of January, 1913. The dividend was declared out of the profits of the company earned during the year 1912. It was the only dividend paid during the year 1913. The declaration of this dividend was in accordance with the established practice of 20 years' standing; that is, one dividend each year was declared in February out of the earnings of the company, and made payable the following July 1st. The reason given for the postponement of the payment of the dividend until July 1st in each year was to permit the corporation to have use of the earnings in its business as a bank balance. This purpose was said to be to avoid being forced to borrow money. The defendant in error, in his return for 1913, did not include the dividend so received by him, amounting to $70,380, and it is because of his failure to pay an income tax on such sum that this action was brought.

We think that the dividend declared prior to March 1, 1913, the effective date of the Income Tax Act here considered, was not income when paid because it was part of the capital of the defendant in error on March 1, 1913. By the declaration of a dividend, the earnings

of the company to the extent declared were separated from the property of the corporation, and were appropriated by that action to the then stockholders, who became creditors of the corporation for the amount of the dividend. The relation then created was that of debtor and creditor. N. Y. Trust Co. et al. v. Edwards, Collector, 257 U. S. ——, 42 Sup. Ct. 68, 66 L. Ed. ——, decided November 21, 1921; Wheeler v. Northwestern Sleigh Co. (C. C.) 39 Fed. 347; People ex rel. U. S. Trust Co. v. Barker, 86 Hun, 131, 33 N. Y. Supp. 388; Billingham v. Gleason Mfg. Co., 101 App. Div. 476, 91 N. Y. Supp. 1046, affirmed 185 N. Y. 571, 78 N. E. 1099. It is the separation of the earnings from the balance of the corporate property, together with the promise to pay arising from the declaration of the dividend, that works this change. The holder of stock, with respect to the dividend, is on a par with the other creditors of the corporation. Staats v. Biograph Co., 236 Fed. 454, 149 C. C. A. 506, L. R. A. 1917B, 728. The fact that the dividend is payable at a future date does not alter the rights thus created. The obligation of the corporation as debtor commences with the declaration of the dividend, although the payment is postponed for the convenience of the company. The rights of the stockholders are immediately vested the moment the dividend is declared. N. Y. Trust Co. v. Edwards, supra. The action of the board of directors is the appropriation of a portion of the earnings to the defendant in error as the holder of a certificate of stock. The same rule prevails in the state courts of New York, under which laws the corporation here in question was organized. Hopper v. Sage, 112 N. Y. 530, 20 N. E. 350, 8 Am. St. Rep. 771. The fact that they are payable at a future time is immaterial. Matter of Kernochan, 104 N. Y. 618, 11 N. E. 149.

The Income Tax Act, as of March 1, 1913, provides (Section 2, 38 Stat. 166, 168):

"A. Subd. 1. That there shall be levied, assessed, collected and paid annually upon the entire net income arising or accruing from all sources in the preceding calendar year to every citizen of the United States, whether residing at home or abroad, and to every person residing in the United States, though not a citizen thereof, a tax of 1 per centum per annum upon such income, except as hereinafter provided; and a like tax shall be assessed, levied, collected, and paid annually upon the entire net income from all property owned and of every business, trade, or profession carried on in the United States by persons residing elsewhere. * * * "

"D. The said tax shall be computed upon the remainder of said net income of each person subject thereto, accruing during each preceding calendar year ending December thirty-first: Provided, however, that for the year ending December thirty-first, nineteen hundred and thirteen, said tax shall be computed on the net income accruing from March first to December thirty-first, nineteen hundred and thirteen, both dates inclusive. * * * "

Anything which accrued prior to March 1, 1913, was part of the taxpayer's principal at the time when this act became effective. Property held prior to March 1, 1913, must be considered as capital and the dividends in question must be treated as such. The act provides that "the entire net income arising or accruing from all sources in the preceding calendar year to every citizen of the United States * * * " shall be taxed. Accumulations that accrued to a corporation prior to

January 1, 1913, were held to be capital, and not income, for the purpose of the act, in Southern Pacific Co. v. Lowe, 247 U. S. 330, 38 Sup. Ct. 540, 62 L. Ed. 1142. The term "income" has been held to have no broader meaning in the 1913 act than in the 1909 act (Act Aug. 5, 1909, § 38, 36 Stat. 112). Stratton's Independence v. Howbert, 231 U. S. 417, 34 Sup. Ct. 136, 58 L. Ed. 285. The Supreme Court based its conclusion in the Southern Pacific Case, supra, upon the view that it was the purpose and intent of Congress, while taxing the entire net income "arising or accruing" from all sources during each year, commencing the 1st day of March, 1913, to refrain from taxing that which, in mere form only, bore the appearance of income accruing after that date, while in truth and substance it accrued before. Under the 1909 act, the expression "income received during such year" was held to look to the time of realization rather than the period of accrument "except as a taking effect of the act on a specific date (January 1, 1909) excludes income that accrued before that date." Hays v. Gauley Mt. Coal Co., 247 U. S. 193, 38 Sup. Ct. 470, 62 L. Ed. 1061. In the Hays Case it was held that income received within the year for which the assessment was levied, whether it accrued within that year or some preceding year, when the act was in effect, could be taxed, but it excluded all income that accrued prior to January 1, 1909, although afterwards received while the act was in effect. So, where value was received by shareholders on the surrender of their certificates of stock, where the company sold all its property and made final distribution of the proceeds to the shareholders, and where the amount received by each was twice the par value of the stock, but represented no increase since the effective date of the act, it was held that it did not "arise or accrue" after the act became effective.

In Maryland Casualty Co. v. United States, 251 U. S. 342, 40 Sup. Ct. 155, 64 L. Ed. 297, cited by the government, the Income Tax Act of 1913 was considered in so far as it concerned the dealing with corporations as distinguished from dealings with individuals, and which imposed a tax under the language of one paragraph upon income "arising or accruing" during the year, and under another paragraph of the act upon income received within the year. It was held that it was not sufficient for income to accrue within the year in order to render the corporation taxable, but the income must have been received by the corporation. But this was due to ambiguous paragraphs of the act which taxed the corporation. It was a construction favorable to the taxpayer under such paragraphs. Nowhere in the opinion is there a suggestion that the court changed the rule announced in Southern Pacific Co. v. Lowe, supra, and Hays v. Coal Co., supra, wherein it was held that income which had accrued prior to March 1, 1913, if received thereafter, would not be taxable.

The case at bar is different from the cases where commissions are to be received at a future date upon a contingency, and where there is no fixed certainty of such receipt. There it cannot be said that the income has accrued. Edwards v. Keith, 231 Fed. 110, 145 C. C. A. 298, L. R. A. 1918A, 498; Woods v. Lewellyn, 252 Fed. 106, 164 C. C. A. 218. Dividends declared and paid in the ordinary course by

a corporation to its stockholders after March 1, 1913, whether from current earnings or from surplus accumulated prior to that date, have been held to be taxable as income to the stockholder. Lynch v. Hornby, 247 U. S. 339, 38 Sup. Ct. 543, 62 L. Ed. 1149.

"We deem the legislative intent manifest only if, and when, and to the extent that, his interest in them comes to fruition as income, that is in dividends declared." Eisner v. Macomber, 252 U. S. 204, 40 Sup. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570.

We conclude that, upon the declaration of a dividend, the debt was immediately created in favor of the defendant in error, payable at a future date. By that action a vested right was created in favor of the stockholder, who could sell his right by assigning or pledging or otherwise disposing of it, and this was not income arising and accruing within the meaning of the statute, such as might be taxed under the Income Tax Act of March 1, 1913, here in question. The same views are expressed in the rulings of the Treasury Department. Treasury Decision 2048, November 12, 1914.

We find no error below, and·the direction of a judgment for the defendant is affirmed.