PLANT v. WALSH, Collector of Internal Revenue.

(District Court, D. Connecticut. April 12, 1922.)

No. 2053.

1. Internal revenue ⊚═7—Owner of corporate stock not liable for income tax on dividends declared before March 1, 1913.

Income tax could not be assessed on corporate dividends declared prior to March 1, 1913, and paid subsequent to such date to stockholders of record at dates prior to that time, under Act Oct. 3, 1913, § 2A, subd. 1.

2. Internal revenue ⊚═7—Owner of corporate bonds not liable for income tax on interest due March 1, 1913.

Corporate bondholder was not liable to assessment of income tax on interest due March 1, 1913, payable for the 6 months ending February 28, 1913, under Act Oct. 3, 1913, § 2A, subd. 1.

3. Internal revenue ⊚═4—Doubts construed in favor of taxpayer.

In case of doubt, a tax law should be construed in favor of the taxpayer.

4. Internal revenue ⊚═7—Income taxpayer held entitled to deduct amount of worthless bonds charged off.

Under Act Oct. 3, 1913, § 2B, subd. 5, and section 2D, income taxpayer was entitled to take as a deduction on his return for the year 1913 five-sixths of the amount at which corporate bonds charged off on December 31st of that year stood on taxpayer's books of March 1, 1913, regardless of what the bonds were actually worth on March 1, 1913, and though the loss accrued prior to such day.

5. Internal revenue ⊚═7—Income taxpayer entitled to deduct losses from farming operation carried on for pleasure; "business."

Farming, when engaged in as a regular occupation and in accordance with recognized business principles and practices, is a "business," within the meaning of Act Oct. 3, 1913, allowing income taxpayer to deduct necessary expenses actually paid in carrying on any business, though the person engaging in it is willing to do so, without regard to its profitableness, because of the pleasure derived from it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Business.]

At Law. Action by Morton F. Plant against James J. Walsh, Collector of Internal Revenue. Decree ordered for plaintiff.

George L. Shearer, of New York City, and Edward M. Day, of Hartford, Conn., for plaintiff.

Edward L. Smith, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., for defendant.

THOMAS, District Judge. This action was brought by Morton F. Plant to recover income taxes assessed in 1916 for the years 1913 and 1914 and paid under protest to avoid penalties. Before the case was ready for trial Mr. Plant died and the executors of his estate have been substituted as plaintiffs.

[1] One of the questions presented is whether the taxpayer was rightly assessed on the sum of $60,455.61 representing corporate dividends declared prior to March 1, 1913, and payable subsequent to March 1, 1913, to stockholders of record at dates prior to that time.

The Act of October 3, 1913 (38 Stat. 166), provides (section 2A, subdivision 1):

"That there shall be levied, assessed, collected and paid annually upon the entire net income arising or accruing from all sources in the preceding calendar year to every citizen of the United States * * * a tax of one per centum per annum upon such income."

It becomes unnecessary to discuss the arguments submitted in the able briefs submitted by counsel, because the question now under consideration has been answered by a very recent decision of the Circuit Court of Appeals for the Second Circuit in United States v. Guinzburg, decided December 14, 1921, and reported in 278 Fed. 363. It was held there that corporate dividends declared February 17, 1913, payable July 1, 1913, to stockholders of record on January 30, 1913, were income when declared and not when paid. Judge Manton said:

"By the declaration of a dividend, the earnings of the company to the extent declared were separated from the property of the corporation, and were appropriated by that action to the then stockholders, who became creditors of the corporation for the amount of the dividend. The relation then created was that of debtor and creditor. * * * It is the separation of the earnings from the balance of the corporate property, together with the promise to pay arising from the declaration of the dividend, that works this change. The holder of stock, with respect to the dividends, is on a par with the other creditors of the corporation. Staats v. Biograph Co., 236 Fed. 454, 149 C. C. A. 506, L. R. A. 1917B, 728. The fact that the dividend is payable at a future date does not alter the rights thus created. The obligation of the corporation as debtor commences with the declaration of the dividend, although the payment is postponed for the convenience of the company. The rights of the stockholders are immediately vested the moment the dividend is declared."

It follows, therefore, that the ruling in the Guinzburg Case must be followed in the instant case.

[2] Another question is whether the taxpayer was rightly assessed on the sum of $95,820, representing interest due March 1, 1913, on certain corporate bonds. This question was argued by both sides on the assumption that the interest was payable for the 6 months' period ending February 28, 1913. I think that as to this question United States v. Guinzburg, supra, is conclusive. The basis of that decision was that money owing to the taxpayer is income accrued from the time when the liability to pay becomes absolute, though it is not yet due. If the interest was payable for the 6 months ending February 28, 1913, the liability to pay became absolute before the commencement of the taxable period, though payment was not due until the first day of that period. I see no ground on which money owing by a corporation for interest on its bonds can be distinguished from money owing it for a dividend which has been declared on its stock, and therefore hold that on this item also the taxpayer was improperly assessed.

The next question arises in the following manner: The taxpayer took as a deduction on his return for the year 1913, the sum of $43,-

749.16, alleged to be five-sixths of the amount at which certain corporate bonds, ascertained to be worthless during the year 1913 and charged off on December 31st of that year, stood on the taxpayer's books on March 1, 1913. The plaintiff contends that this deduction was justified under section 2B, subdivision 5, of the Act of October 3, 1913, which provided that in computing net income for the purpose of the normal tax, there should be allowed as a deduction:

"Fifth, debts due to the taxpayer actually ascertained to be worthless and charged off within the year."

Section 2D provides in part that the income tax shall be computed upon the remainder of the net income of each person subject thereto accruing during each preceding calendar year ending December 31st, after making the deductions allowed by law:

"Provided, however, that for the year ending December 31, 1913, said tax shall be computed on the net income accruing from March first to December 31, 1913, both dates inclusive, after deducting five-sixths only of the specific exemptions and deductions herein provided for."

The defendant contends that the taxpayer is entitled to charge off only the amount of the actual value of the bonds on March 1, 1913; that the burden is on the taxpayer to establish this amount, and since there is no evidence to show what the bonds were actually worth on that date the entire deduction should be disallowed.

[3, 4] The plaintiff contends that all the statute requires him to prove is that the debt was ascertained to be worthless and charged off within the year 1913. This he has done by the undisputed evidence. The effect of so construing the statute may be to permit the taxpayer to deduct five-sixths of a loss accruing prior to the commencement of the taxable period, so that the return will not reflect his entire income for that period. But Congress has the right to do this, and has done it if the statute is to be literally construed. In case of doubt a tax law should be construed in favor of the taxpayer. Gould v. Gould, 245 U. S. 151, 38 Sup. Ct. 53, 62 L. Ed. 211. Therefore I conclude that the taxpayer's contention should be sustained. But, even if the burden is on him to prove the value of the bonds on March 1, 1913, I think he has met the burden, because the amount at which the bonds stood on his books on March 1, 1913, is at least prima facie evidence of their actual value at that time.

The plaintiff also complains of the refusal to allow as deductions the losses sustained by Mr. Plant in the years 1913 and 1914 in the business of farming. This deduction is claimed under the provisions of section 2B of the Act of October 3, 1913, that—

"In computing net income for the purpose of the normal tax there shall be allowed as deductions;

"First, the necessary expenses actually paid in carrying on any business, not including personal, living, or family expenses."

[5] The only question involved in connection with this claim is whether Mr. Plant was engaged in farming as a business or merely for pleasure. The evidence shows that he had been engaged in farming since 1904 or 1905. He kept increasing the size of his farm, until in

1912 it numbered several hundred acres. He had not made any profit on his farm prior to or during 1914, but in 1912 he formed an organization of experts for the purpose of putting the farm on a business basis, and installed an elaborate accounting system under the supervision of a comptroller. Large quantities of farm produce were marketed at prevailing prices, and every effort was made to establish the farm's reputation as a high-class modern farm. Mr. Plant gave a good deal of his time to bringing about efficiency and putting the farm on a paying basis. Notwithstanding these efforts, the operation of the farm resulted in a loss for 1913 of $107,680.70, or about 200 per cent. of the receipts, and in 1914 of $106,431.98, including depreciation, or about 150 per cent. of the receipts.

The defendant argues that the great excess of expenses over receipts proves that "farming was a pleasure or hobby with Mr. Plant, and not a source of profit, and that his farm was not conducted on a commercial basis"; that he engaged in farming, not for the purpose of making a profit, but because of the pleasure he derived from that occupation; and that therefore the expense of conducting the farm was not a business expense, but a personal expense, and not deductible.

I think, however, that the evidence establishes clearly that Mr. Plant's farm was conducted as a business enterprise and with the expectation that it would eventually become profitable. The mere fact that a heavy loss was incurred in the initial stages of so large an enterprise does not necessarily show the contrary. But, even though this is not so, I do not believe that farming, when engaged in as a regular occupation and in accordance with recognized business principles and practices, is any the less a business within the meaning of the statute, because the person engaging in it is willing to do so without regard to its profitableness, because of the pleasure derived from it.

The defendant does not dispute that taxes for 1913 were erroneously assessed on $507.97, supposed to represent one-third of the rental for the first quarter of 1913 of the taxpayer's residence at 25 West Fifty-Fourth street, New York City, and actually received by him in January, 1913, and on the sum of $3,000, consisting of two dividends of 1½ per cent. each on 1,000 shares of New York, New Haven & Hartford Railroad Company stock standing in the name of Mr. Plant, but actually owned by the Southern Express Company, and paid over by him to said company.

There may be a decree for plaintiff in accordance with this opinion, and counsel can doubtless compute the amount due and later submit the decree to the court, incorporating in it the correct amount for which judgment should be entered. In the event that counsel cannot agree, the settlement of the decree may be noticed for hearing; and it is so ordered.