## Appeal of A. H. STANGE.    Docket No. 553.

A resolution of the board of directors of a corporation directing that a surplus fund be placed to the credit of the stockholders, "to be paid to the stockholders when and as directed by the officers or directors," constitutes a dividend at the time the resolution was passed.

A dividend declared by a corporation in 1917, prior to August 6 of that year, out of a surplus existing at March 1, 1913, is not taxable to its stockholders as income even though the corporation had earnings or profits in the years in which payment was made out of which the dividend could have been paid.

The Board has no jurisdiction to consider an appeal filed by a taxpayer on behalf of other taxpayers similarly situated, who do not join in the appeal.

Submitted January 21, 1925; decided March 18, 1925.

*W. W. Spaulding, Esq.*, and *Allen R. Smart, C. P. A.*, for the taxpayer.

*A. Calder Mackay, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This is an appeal by the taxpayer from a determination of the Commissioner proposing to assess additional taxes for the years 1918 and 1919. From the stipulation of facts presented at the hearing the Board makes the following

## FINDINGS OF FACT.

The A. H. Stange Co. is a corporation the entire capital stock of which is held by the taxpayer herein and nine other members of his family. On January 27, 1917, the board of directors of the A. H. Stange Co. passed a resolution as follows:

*Whereas,* * * * prior to the enactment of the Federal Income Tax Laws our mill and factory plant account which for a number of years had been carried at the nominal sum of $25,000 * * * and

*Whereas,* in order to establish a proper basis of accounting due to said loss, it was necessary to raise the value of our mill and factory plant from $25,000 to a fair value of $150,000, as shown by entry on our books under date of February 13, 1912, and

*Whereas,* said increased valuation was on said date erroneously credited to " surplus account," be it

*Resolved,* That we charge " surplus account " with the said sum of $125,000 and place this amount to the credit of the stockholders, to be paid to the stockholders when and as directed by the officers or directors, and the Secretary is hereby instructed to have proper entries made on the books of the company under date of January 27, 1917, to conform herewith.

On said 27th day of January, 1917, there was credited to the account of each of the stockholders of the said A. H. Stange Co. his proportionate share of the said dividend, and the amount of the dividend was actually paid as follows:

| | |
|---|---:|
| Aug. 8, 1917 | $14,000 |
| Sept. 5, 1917 | 21,000 |
| Nov. 20, 1918 | 49,000 |
| Jan. 13, 1919 | 41,000 |
| Total | 125,000 |

For the years from 1913 to 1917, inclusive, the gains and losses of the A. H. Stange Co. were as follows:

| | Loss. | Gain. |
|---|---:|---:|
| 1913 | $19,760.14 | |
| 1914 | 133,600.10 | |
| 1915 | 136,628.55 | |
| 1916 | 21,284.32 | |
| 1917 | | $41,590.24 |

In the years 1918 and 1919, the corporation had earnings and profits sufficient to pay the amounts actually paid in those years. The Commissioner proposes to tax the amounts actually paid in each of the years as dividends in those years, upon the ground that the corporation had sufficient earnings and profits in each year out of which such distribution could have been paid, and upon the further ground that the resolution declaring the dividend provided that it was to be paid when and as directed by the officers and directors of the corporation.

### DECISION.

The determination of the Commissioner is disapproved and the Board determines that no part of the dividend declared on January 27, 1917, is taxable to the taxpayer herein as income. The amount of the deficiency to be assessed will be settled on consent or on seven days' notice under Rule 50.

## OPINION.

MARQUETTE: The question for decision herein is whether the dividend declared by the directors of A. H. Stange Co. on January 27, 1917, is exempt from taxation as income to its stockholders, or whether it is taxable to them in the years in which it was actually paid. The taxpayer contends that, as the dividend was declared prior to August 6, 1917, out of earnings or profits accrued prior to March 1, 1913, it is not taxable income to him, irrespective of the fact that at the time it was paid the corporation had earnings or profits out of which payment could have been made.

The position of the Commissioner is that the words *any distribution made*, as used in the Revenue Acts of 1917 and 1918 with respect to dividends, has reference to the time of payment, and, as the corporation had sufficient earnings or profits in each of the years in which payment was made out of which such payment could have been made, the statute conclusively presumes that the distribution was made from those earnings or profits.

Section 31 of the Revenue Act of 1916 (added by section 1211 of the Revenue Act of 1917), relating to dividends, is as follows:

Sec. 31. (a) That the term "dividends" as used in this title shall be held to mean any distribution made or ordered to be made by a corporation * * * out of its earnings or profits accrued since March first, nineteen hundred and thirteen, and payable to its shareholders, * * *.

(b) Any distribution made to the shareholders or members of a corporation * * * in the year nineteen hundred and seventeen, or subsequent tax years, shall be deemed to have been made from the most recently accumulated undivided profits or surplus, and shall constitute a part of the annual income of the distributee for the year in which received, and shall be taxed to the distributee at the rates prescribed by law for the years in which such profits or surplus were accumulated by the corporation * * *, but nothing herein shall be construed as taxing any earnings or profits accrued prior to March first, nineteen hundred and thirteen, but such earnings or profits may be distributed * * * exempt from the tax, after the distribution of earnings and profits accrued since March first, nineteen hundred and thirteen, has been made. *This subdivision shall not apply to any distribution made prior to August sixth, nineteen hundred and seventeen, out of earnings or profits accrued prior to March first, nineteen hundred and thirteen.* (Italics ours.)

The pertinent parts of the Revenue Act of 1918 are as follows:

Sec. 201. (a) That the term "dividend" when used in this title * * * means (1) any distribution made by a corporation * * * to its shareholders or members, whether in cash or in other property * * * out of its earnings or profits accumulated since February 28, 1913, * * *.

(b) Any distribution shall be deemed to have been made from earnings or profits unless all earnings and profits have first been distributed. Any distribution made in the year 1918 or any year thereafter shall be deemed to have been made from earnings or profits accumulated since February 28, 1913, * * *; but any earnings or profits accumulated prior to March 1, 1913, may be distributed in stock dividends or otherwise, exempt from the tax, after the earnings and profits accumulated since February 28, 1913, have been distributed.

It is not disputed that at March 1, 1913, the A. H. Stange Co. had undivided profits or surplus in the amount of $125,000. or that a resolution of the board of directors of that company was passed on January 27, 1917, purporting to distribute that surplus to its stockholders. A question preliminary to the main issue has been made to the effect that, as the resolution provided for payment "when and as directed by the officers or directors," it did not become a dividend until the time for payment was fixed. We think this contention is

without merit. It appears to be well settled that a dividend belongs to the holders of the stock at the time it is declared and not at the time it becomes payable; that, in the absence of special circumstances, a provision postponing payment or making it payable on the order of the board of directors does not change the rule, and it becomes payable within a reasonable time. *Wallin* v. *Johnson City Lumber & Mfg. Co.*, 188 S. W. 577 (Tenn.); L. R. A. 1917 B, 323.

In *Northwestern Marble & Tile Co.* v. *Carlson*, 116 Minn. 483; 133 N. W. 1014, the board of directors of a corporation adopted a resolution " that a dividend of 6 per cent be declared on the common stock, payable   *   *   *   at such time as the finances of the firm will in the judgment of the board of directors warrant." The contention was that the resolution did not constitute a valid dividend so as to make it available to stockholders. The court said:

> If the resolution is to be construed as claimed by the plaintiff, its adoption was either an idle ceremony, for the amusement of the stockholders, or a device to inflate the selling price of the stock. Neither inference is justified by the facts. The board of directors by the resolution declared a dividend, and its action was amply justified by the surplus and undivided profits of the corporation. No further action of the board was necessary to make the segregation of the amount of the dividend of each stockholder from the common mass of the corporate property. There was no qualification of the declaration of the dividend, and its existence as a debt against the corporation was not dependent upon any further action of the board, but the debt was payable at such time as the finances of the corporation would in the judgment of the board of directors warrant. This provision as to the time of payment of the dividend must be construed in connection with the fact that a dividend had been rightfully declared and notice thereof given to the stockholders at their annual meeting. So construing the provision, we hold that the time of payment of the dividend was not a matter depending upon the discretionary future action of the board, but that it gave to the board a reasonable time in which to make the necessary arrangements for its payment; that is, the dividend was payable within a reasonable time.

See also *United States* v. *Guinzburg*, 278 Fed. 363; *Plant* v. *Walsh*, 280 Fed. 722.

From the above authorities we are of opinion that the resolution of the board of directors of A. H. Stange Co. of January 27, 1917, constituted a valid declaration of a dividend at that time, even though the payment was to be made when and as directed by the officers or directors.

The determination of the principal question herein depends, in the last analysis, upon the construction which must be given to the words *any distribution made*, as used in section 31 (b) of the Revenue Act of 1916. If these words have reference to the declaration of a dividend, the taxpayer must prevail; if they mean the actual time of payment of a dividend, then it will be necessary to construe the limitations upon distribution of earnings and profits in said section. It is therefore necessary to ascertain the legal effect of a resolution declaring a dividend. The definition of a dividend in section 31 (a) of the 1916 Act as " any distribution made or ordered to be made by a corporation   *   *   *   out of its earnings or profits   *   *   *   and payable to its shareholders," comports with the general definition of a dividend, and for the purposes of this case may be taken as correctly defining a dividend declared out of earnings or profits accrued prior to March 1, 1913. What, then, is the legal effect of the declaration of a dividend? We think the

answer to this question is clearly set forth by the court in *United States* v. *Guinzburg*, 278 Fed. 363, wherein the court said:

> By the declaration of a dividend, the earnings of the company to the extent declared were separated from the property of the corporation, and were appropriated by that action to the then stockholders, who became creditors of the corporation for the amount of the dividend. The relation then created was that of debtor and creditor. *N. Y. Trust Co. et al.* v. *Edwards, Collector*, 257 U. S. 176, 42 Sup. Ct. 68, 66 L. Ed. 186, decided November 21, 1921; *Wheeler* v. *Northwestern Sleigh Co.* (C. C.) 39 Fed. 347; *People ex rel. U. S. Trust Co.* v. *Barker*, 86 Hun, 131, 33 N. Y. Supp. 388; *Billingham* v. *Gleason Mfg. Co.* 101 App. Div. 476, 91 N. Y. Supp. 1046, affirmed 185 N. Y. 571, 78 N. E. 1099. It is the separation of the earnings from the balance of the corporate property, together with the promise to pay arising from the declaration of the dividend, that works this change. The holder of stock, with respect to the dividend, is on a par with the other creditors of the corporation. *Staats* v. *Biograph Co.*, 236 Fed. 454, 149 C. C. A. 506, L. R. A. 1917 B, 728. The fact that the dividend is payable at a future date does not alter the rights thus created. The obligation of the corporation as debtor commences with the declaration of the dividend, although the payment is postponed for the convenience of the company. The rights of the stockholders are immediately vested the moment the dividend is declared. *N. Y. Trust Co.* v. *Edwards, supra.* The action of the board of directors is the appropriation of a portion of the earnings to the defendant in error as the holder of a certificate of stock.

See also *Plant* v. *Walsh*, 280 Fed. 722; Fletcher, Enc. Corps., sec. 3653.

The outstanding features of a dividend declaration are that, by the mere declaration, the dividend becomes thereby separated and segregated from the stock and exists independently of it; the *right* thereto becomes immediately fixed and absolute in the stockholders, and the corporation becomes a debtor to its stockholders for their pro rata shares. There is an apportionment or division of the assets of the corporation, to the extent of the dividend, to its stockholders. The corporation is at once poorer in the amount of the dividend declaration, and the stockholder becomes richer in his own right, to the extent of his pro rata share. What theretofore existed as undivided profits or surplus has become divided profits and the surplus is reduced to the extent of the dividend declared. It has ceased to be the property of the corporation and has become the property of the stockholder, and his interest therein becomes adverse to the corporation and to every other stockholder. We think this division or segregation of the amount of the dividend from the general mass of the corporate property and its apportionment to the stockholders is included in the words *any distribution made*, as used in the statute, and that those words must be given the same legal effect as results from the declaration of a dividend. It follows that the resolution of the board of directors of A. H. Stange Co., passed on January 27, 1917, constituted a distribution to its stockholders at that time of the surplus existing at March 1, 1913, and the fact that payment was made in subsequent years becomes immaterial.

It remains to apply the provisions of section 31 (b) of the 1916 Act. By that section any distribution made in the year 1917 or subsequent tax years is deemed to have been made from the most recently accumulated undivided profits or surplus, and the presumption thus raised has been held to be a conclusive presumption. *Harder* v. *Irwin*, 285 Fed. 402; *Douglas* v. *Edwards*, 298 Fed. 229. The facts

herein show that A. H. Stange Co. had operated at a loss in all the years from 1912 to 1917, and there were no undivided profits since 1913 out of which a distribution could have been made, and this appeal could be sustained on that ground. We prefer, however, to rest our decision upon the last sentence of section 31 (b), providing:

This subdivision shall not apply to any distribution made prior to August sixth, nineteen hundred and seventeen, out of earnings or profits accrued prior to March first, nineteen hundred and thirteen.

Holding, as we do, that the words *any distribution made*, as used in the statute, include the declaration of a dividend and must have the same legal effect; and the dividend in question having been declared prior to August 6, 1917, to wit, on January 27, 1917, the presumption that the distribution was from the most recently accumulated undivided profits or surplus has no application to the facts in this appeal. We are of opinion that the distribution made by the A. H. Stange Co. to its stockholders on January 27, 1917, out of a surplus existing prior to March 1, 1913, is exempt from taxation to the taxpayer herein at the time of the actual payment, and the determination of the Commissioner proposing to tax the same in the years in which it was paid must be disapproved.

A question presents itself from the face of the petition herein which was not raised by the Commissioner; but as it relates to the jurisdiction of the Board, we feel it is our duty to take notice thereof. The taxpayer has filed a petition on behalf of himself and nine other named persons, all stockholders of the A. H. Stange Co., in which it is stated that " the issue in the case of each stockholder named is identical, which is the reason for filing one petition and asking only one hearing." The petition is not a joint petition of all the named parties, and is the petition of this taxpayer alone. We know of no authority in the law, and there is certainly none in the rules of the Board, sanctioning or permitting an appeal by one taxpayer for or on behalf of another, even though they are all stockholders in the same corporation and the same question would be raised in an appeal prosecuted by them. The statute authorizes an appeal by *the taxpayer* within 60 days after the deficiency notice is mailed, and the Board has repeatedly held that the filing of a petition with the Board within that time is a jurisdictional matter. *Appeal of Sam Satovsky*, 1 B. T. A. 22. We therefore decline to express any opinion on the merits of the pretended appeals filed by this taxpayer on behalf of the nine other stockholders named in his petition.