**PLATT v. BOWERS, Internal Revenue Collector.**

(District Court, S. D. New York. May 26, 1926.)

**1. Internal revenue ⊂⇒7—Annual payment made to insurance agent, pursuant to agreement made before March 1, 1913, for surrender of right to receive commissions on renewal premiums, held not taxable income except as to discount.**

Where plaintiff, before March 1, 1913, surrendered right to commissions on renewal premiums on insurance policies previously written, in return for insurance company's promise to pay him $10,000 a year for 15 years, *held* payment made in 1919 was a payment on a debt owned by him and not income, except that portion of it which might be regarded as interest on the value of the payment in 1913, nor was fact that plaintiff agreed to refrain from competition sufficient to change character of payments to him.

**2. Internal revenue ⊂⇒7.**

Commissions on renewal premiums on policies previously written, when received by insurance agent, constitute taxable income.

At Law. Action by Henry B. Platt against Frank K. Bowers, Collector of Internal Revenue. On motions by each party for direction of verdict in its favor. Verdict directed for plaintiff.

Platt, Field & Taylor and George W. Field, all of New York City, for plaintiff.

Emory R. Buckner, U. S. Atty., and Samuel C. Coleman, Asst. U. S. Atty., both of New York City, for defendant.

THACHER, District Judge. [1] The agreement made in 1909 between the plaintiff and the Fidelity & Deposit Company of Maryland clearly indicates upon its face that to the extent of $10,000 a year for 15 years the annual payments to the plaintiff were to be paid in consideration of the surrender then made of his right to receive commissions upon renewal premiums, if and when paid under policies of insurance previously written by him. The obligation to pay $150,000 was unconditionally fixed prior to March 1, 1913, although in fixing it the plaintiff's promise not to compete was exacted.

[2] Had the plaintiff retained his right to commissions upon renewal premiums, such commissions would have constituted income when received. Edwards v. Keith, 231 F. 110, 145 C. C. A. 298, L. R. A. 1918A, 498; Woods v. Lewellyn, 252 F. 106, 164 C. C. A. 218. Having surrendered it, we are here concerned, not with the contingent right, but with what he got in exchange for it. What he did get was a promise to pay a definite sum of money, to wit, $150,000, in fifteen annual in-

stallments of $10,000 each. It was as if he had accepted a series of notes falling due upon the installment dates. Prior to March 1, 1913, he thus became the owner of a fixed and unconditional obligation to pay a sum certain which is regarded as property or capital. The income from his employment was realized when his contingent claim for compensation was converted into such an obligation. It follows that when he received payment of the installments under his contract he was not in receipt of income, but was merely collecting a debt of which he was the owner prior to March 1, 1913. United States v. Guinzburg (C. C. A.) 278 F. 363.

The plaintiff having promised to refrain from entering any competitive business, it is insisted that the payments, being contingent upon this promise, are analogous to a professional retainer pursuant to which no services are rendered. But there is no analogy because the payments were not made in consideration of a promise to render services on request. The obligation was subject to no contingency beyond the plaintiff's control. No services were required of him in consideration. He owned a debt which he or his estate could collect, and the fact that he promised not to compete does not change the character of the obligation owing to him. This chose in action was his property or capital on March 1, 1913, and therefore the payment of $10,000 in 1919 was not taxable.

It is true that the obligation which the plaintiff possessed on March 1, 1913, was of a value less than its face amount, because the payments were deferred. It may be inferred from the fact that the payments have been made that the company was entirely responsible financially. The amount of the discount which may be regarded as income is therefore susceptible of mathematical calculation at the legal interest rate. Counsel are requested to agree, without prejudice to their clients' rights, upon a computation of the amount recoverable in accordance with this opinion.

Thereupon a verdict will be directed accordingly.