EDWIN S. GEORGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 31032, 47788.  Promulgated February 17, 1931.

*Raymond H. Berry, Esq.*, and *C. Frederic Stanton, Esq.*, for the petitioner.

*Hartford Allen, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The first question for determination is the fair market value as of March 1, 1913, of the lands sold by petitioner in the years 1923, 1924, 1925, and 1927.

The petitioner contends that since this land was sold on a front-foot basis its fair market value as of March 1, 1913, should be determined on the same basis. The respondent, on the other hand, maintains that petitioner bought his property by the acre, that it was not subdivided or platted on March 1, 1913, that the lake fronts were merely a part of a large tract and that, therefore, the average value per acre of the tract at that time is the proper basis for the computation of the fair market value as of March 1, 1913, of the parcels sold in the taxable year.

The problem for solution is the fair market value of certain land on March 1, 1913. We are concerned not with the selection of one or two methods of valuation, as such, but with determining a value that is reasonably correct. " The determination of fair market value is largely a matter of judgment and the various theories of valuation are useful only in so far as they support a result that comports with sound judgment." *Portage Silica Co.*, 11 B. T. A. 700; affd., 49 Fed. (2d) 985. Nor are we interested in laying down a rule hereafter to be followed blindly in other cases involving other facts and conditions. Sufficient to say the method urged by respondent does not appeal to our reason as likely to lead to a correct determination of fair market value in this case.

Petitioner sold only lake frontage of shallow depth. He retained the back-lying land. We are satisfied that in 1913 the lake frontage was much the more valuable of the two types of land. Thus, an average of all as acreage would not correctly reflect the value of the lake front. On the other hand, we believe that the foot front valuation method will give us a reasonably accurate appraisal of the fair market value of the lake frontage on the given date. The evidence clearly establishes the value of $50 per front foot as to land fronting on Lower Long Lake and of $40 per front foot of land fronting on Forest Lake.

The remaining issue is whether or not petitioner operated two orchards as a business. The evidence discloses that for several years prior to those in question the respondent had allowed the deduction of losses incurred in the operation of the orchards. But it is now claimed on behalf of the respondent that in 1926 and 1927 the operation of the orchards was not a business, because the losses incurred continued from year to year and because " continually hanging on to this enterprise changes its aspect."

In our opinion the fact that petitioner sustained losses year after year may be of some evidentiary value, but by itself that fact does not prove that the orchards were not carried on as a business, nor

does the fact stressed by the respondent that petitioner had other and larger business interests. In *Moses Taylor*, 7 B. T. A. 59, we sustained deductions of large sums of money on account of farm losses incurred in 1920 and 1921. In that proceeding we said: " The mere fact that petitioner sustained losses and that he had other business interests does not prove that the farms were not so operated * * *." See also *Plant* v. *Walsh*, 280 Fed. 722; *Thomas F. Sheridan*, 4 B. T. A. 1299; *August Merckens*, 7 B. T. A. 32; *Hamilton F. Kean*, 10 B. T. A. 97. The real test is whether the operation was carried on as a business for gain or whether it was carried on for recreation or pleasure. And this question is largely a matter of the intent of the petitioner. *Thomas Sheridan, supra; Samuel Riker, Jr., Executor*, 6 B. T. A. 890.

The petitioner testified that he planted the orchards for the purpose of increasing the value of his property and because he thought that the proceeds of the sale of the fruit would help him to carry his land until the proper time for the sale of the land arrived. Petitioner also had a small orchard of about six acres close to his residence. He called this orchard his garden orchard, while the two orchards in question, called the " Bonnie . Bess " and " Hillside," are referred to as commercial orchards. Petitioner makes no claim for losses on his garden orchard and its operation was kept separate from that of the " Bonnie Bess " and " Hillside " orchards. Petitioner also testified that the garden orchard was a hobby but that the " Bonnie Bess " and " Hillside " were not hobbies. He stated that he was an " orchardist " who operated his orchards as a business and that although the orchards had sustained losses, because of various conditions, he expected, nevertheless, to make a profit in the season succeeding the hearing of this proceeding. The evidence discloses, too, that the production of the orchards was regularly marketed in nearby cities and that the business receipts and expenditures of the two orchards were entered regularly in books of account kept for that purpose. There is no evidence contradicting this testimony.

We, therefore, hold that in the taxable years in question petitioner intended to and did operate the orchards known as the " Bonnie Bess " and " Hillside " as a business for gain. It follows that losses sustained in the operation of the orchards during the years in question are deductible from gross income. There is no dispute about the amounts of these losses.

*Judgment will be entered under Rule 50.*