## Appeal of KELLY-BUCKLEY CO.    Docket No. 1487.

Credit balances in the accounts of the stockholders of a corporation which remain in the business, and which are recognized by the corporation as a liability, can not be included as a part of surplus for the purpose of computing invested capital.

Submitted March 10, 1925; decided May 20, 1925.

*Fred W. Otto, Esq.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

The taxpayer herein appeals from a determination of the Commissioner mailed November 17, 1924, proposing to assess additional income and profits taxes for the years 1918 and 1919 in the amount of $15,963.70, all of which is in controversy. From the evidence submitted at the hearing the Board makes the following

### FINDINGS OF FACT.

The Kelly-Evans Company, a Massachusetts corporation, was organized and commenced business in 1902 at Brockton, Massachusetts, and continued to do business under that name until 1915,

when the name was changed to Kelly-Buckley Company. From the year 1904, John C. Kelly and John C. Buckley were the principal stockholders, and in 1914 they acquired all the capital stock of the corporation.

Commencing in 1904, Kelly and Buckley decided that the profits of the corporation should be divided practically on a partnership basis, and there were credited to their respective accounts each year the entire profits of the corporation until March 31, 1913, on which date a special meeting of the stockholders was held, pursuant to call, and the following resolution adopted:

Voted that where it appears that John C. Buckley and John C. Kelly have for years had the full control and management of the affairs of the corporation and have devoted and applied their entire time, energies and skill to the success of the business of the corporation, and no stipulated salaries have been voted for their services, that they shall be and are entitled for such past services, to whatever sum or sums now appear upon the books of the corporation as are credited to their several accounts and that the corporation is properly indebted to them for said amounts.

Voted also that the future compensation of said Buckley and Kelly be left to be fixed and determined by the Board of Directors.

At the time of the passage of the above resolution on March 31, 1913, there appeared a balance in the combined accounts of Kelly and Buckley of approximately $130,000. Up to this time no surplus account had been maintained by the corporation, and only a profit and loss undivided account was carried, which account was divided at the close of each year and credited to the personal accounts. Subsequent to the above resolution, a surplus account was set up and the only additions to the individual accounts after that time were in the form of salaries, with the exception of $36,000, transferred from surplus on March 6, 1915, and credited to the individual accounts in the amount of $18,000 each.

On March 6, 1915, pursuant to call, a special stockholders' meeting of the Kelly-Evans Company was held, at which the following resolution was adopted:

At a special meeting of the stockholders of the Kelly-Evans Company duly called and held in Brockton, Massachusetts, on the sixth day of March, A. D., 1915, at which all of the stockholders were present, it was unanimously voted to increase the capital stock of the corporation from $15,000 to $100,000, said additional stock to be all common stock and to be issued for cash, and to the present stockholders in proportion to their present holdings. It was also unanimously voted to change the name of said corporation from Kelly-Evans Company to Kelly-Buckley Company.

Pursuant to the above resolution, proceedings were duly had to change the name of the company and to increase the capital stock, and there was issued to Kelly and Buckley in equal shares the entire increase of capital stock. The amount of $85,000 in payment therefor was charged to the surplus account of the corporation.

At a special stockholders' meeting, held on December 5, 1917, the following resolution was passed:

At a special meeting of the stockholders of the Kelly-Buckley Company duly called and held in Brockton, Massachusetts, on the fifth day of December, 1917, at which all stockholders were present, it was unanimously voted that the personal accounts of John C. Kelly and John C. Buckley remaining in the business shall be deferred as to payment of general creditors and shall remain in the business and continue to be employed to meet the demands of the business as vouched for by its general agents.

It was also unanimously voted that the corporation should continue to use said funds without the payment of any interest thereon.

The amounts credited to the individual accounts of Kelly and Buckley were at all times subject to withdrawal by them, and they drew therefrom in such amounts and at such times as they desired. The balances in the respective accounts remained in the business and at January 1, 1918, and January 1, 1919, the combined balances amounted to $149,560.25, and $135,726.80, in the respective years. No dividends were formally voted by the directors of the corporation in any year.

In making its returns for the years 1918 and 1919, the taxpayer included in its invested capital the respective amounts of $149,560.25 and $135,726.80, as a part of its surplus. Upon examination, the Commissioner disallowed the said amounts as invested capital in those years and computed the deficiency from such disallowance.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

MARQUETTE: The sole question for decision herein is whether the balances appearing in the accounts of Kelly and Buckley on the books of the corporation are invested capital of the taxpayer for the years under consideration. It is the contention of the taxpayer that, as no formal resolutions of the corporation were ever passed declaring dividends, amounts credited to the accounts of the individual stockholders from the profits of the corporation never became separated from the surplus of the corporation, and that the amounts remaining in the business are properly a part of its invested capital. The Commissioner held that, as the amounts sought to be included in invested capital represented liabilities of the taxpayer, the amounts remaining in the business were not invested capital but constituted borrowed capital within the meaning of the law.

As we interpret the facts it is not necessary to discuss the question whether the credits to the accounts of the two stockholders constituted dividends, or to review the action of the corporation in increasing its capital stock. We think the resolution passed at the stockholders' meeting of December 5, 1917, recognized the personal accounts of the two stockholders as obligations of the corporation. That resolution provided:

That the personal accounts of John C. Kelly and John C. Buckley remaining in the business shall be deferred as to the payment of general creditors and shall remain in the business and continue to be employed to meet the demands of the business as vouched for by its general agents.

It was also unanimously voted that the corporation should continue to use said funds without the payment of interest.

Kelly and Buckley were the only stockholders, and it is admitted by both sides that the credit balance in their combined accounts on the books of the corporation was $149,560.25 on January 1, 1918, and $135,726.80 on January 1, 1919. These amounts were used in the business of the corporation without the payment of interest by the corporation as provided in the resolution. The fact that the accounts were deferred as to payment of general creditors is immaterial, as likewise is the fact that no interest was paid thereon, for

neither of these facts will carry the amount into invested capital. The terms of the resolution indicate that the credit balances of the two stockholders remaining in the business were in the nature of loans by them to the corporation, otherwise the provision that they were to be used without payment of interest has no meaning; and it is also clear that it was not the intention of the stockholders to donate the amounts of the respective balances to the corporation so as to constitute them paid-in surplus.

The pertinent provisions of the Revenue Act of 1918 relating to invested capital are as follows:

SEC. 325. (a) That as used in this title   *   *   *

The term "borrowed capital" means money or other property borrowed, whether represented by bonds, notes, open accounts, or otherwise.

SEC. 326. (a) That as used in this title the term "invested capital" for any year means (except as provided in subdivisions (b) and (c) of this section):

(1) Actual cash bona fide paid in for stock or shares;

(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment,   *   *   *;

(3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year.

We are of opinion that the amounts of the credit balances in the individual accounts of the two stockholders used in the business of the corporation in 1918 and 1919 were borrowed capital, within the meaning of the law, and were properly excluded from invested capital by the Commissioner. *Appeal of Electrical Supply Co.*, 1 B. T. A. 658.