*1156 OPINION.
Marquette:
The sole question for decision herein is whether the balances appearing in the accounts of Kelly and Buckley on the books of the corporation are invested capital of the taxpayer for the years under consideration. It is the contention of the taxpayer that, as no formal resolutions of the corporation were ever passed declaring dividends, amounts credited to the accounts of the indi, vidual stockholders from the profits of the corporation never became separated from the surplus of the corporation, and that the amounts remaining in the business are properly a part of its invested capital. The Commissioner held that, as the amounts sought to be included in invested capital represented liabilities of the taxpayer, the amounts remaining in the business were not invested capital but constituted borrowed capital within the meaning of the law.
As we interpret the facts it is not necessary to discuss the question whether the credits to the accounts of the two stockholders constituted dividends, or to review the action of the corporation in increasing its capital stock. We think the resolution passed at the stockholders’ meeting of December 5, 1917, recognized the personal accounts of the two stockholders as obligations of the corporation. That resolution provided:
That the personal accounts of John 0. Kelly and John O. Buckley remaining in the business shall be deferred as to the payment of general creditors and shall remain in the business and continue to be employed to meet the demands of the business as vouched for by its general agents.
It was also unanimously voted that the corporation should continue to use said funds without the payment of interest.
Kelly and Buckley were the only stockholders, and it is admitted by both sides that the credit balance in their combined accounts on the books of the corporation was $149,560.25 on January 1, 1918, and $135,726.80 on January 1, 1919. These amounts were used in the business of the corporation without the payment of interest by the corporation as provided in the resolution. The fact that the accounts were deferred as to payment of general creditors is immaterial, as likewise is the fact that no interest was paid thereon, for *1157 neither of these facts will carry the amount into invested capital. The terms of the resolution indicate that the credit balances of the two stockholders remaining in the business were in the nature of loans by them to the corporation, otherwise the provision that they were to be used without payment of interest has no meaning; and it is also clear that it was not the intention of the stockholders to donate the amounts of the respective balances to the corporation so as to constitute them paid-in surplus.
The pertinent provisions of the Revenue Act of 1918 relating to invested capital are as follows:
Sec. 325. (a) That as used in this title * * *
The term “ borrowed capital ” means money or other property borrowed, whether represented by bonds, notes, open accounts, or otherwise.
Sec. 326. (a) That as used in this title the term “invested capital” for any year means (except as provided in subdivisions (b) and (c) of this section):
(1) Actual cash bona fide paid in for stock or shares;
(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment, * * * ;
(3) 1’aid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year.
We are of opinion that the amounts of the credit balances in the individual accounts of the two stockholders used in the business of the corporation in 1918 and 1919 were borrowed capital, within the meaning of the law, and were properly excluded from invested capital by the Commissioner. Appeal of Electrical Supply Co., 1 B. T. A. 658.