Appeal of **WM. H. DAVIDOW SONS CO., INC.**          Docket No. 1898.

A dividend duly declared by the directors of a corporation creates the relation of debtor and creditor between the corporation and its stockholders and reduces the corporate surplus and invested capital to the extent of the dividend.

Where a dividend is duly declared and payable and is permitted by the stockholders to remain in the business, it constitutes borrowed capital of the corporation and can not be included in invested capital.

Submitted April 6, 1925; decided May 23, 1925.

*Samuel B. Pack, Esq.*, for the taxpayer.

*Ward Loveless, Esq.*, for the Commissioner.

Before IVINS, MARQUETTE, and MORRIS.

The taxpayer appeals from a determination of the Commissioner set forth in a deficiency letter mailed December 10, 1924, proposing to assess additional income and profits taxes for the year 1919 in the amount of $441.72. The appeal was heard on the petition and answer and a stipulation of facts, from which the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a New York corporation, and on the 28th day of June, 1918, a special meeting of its board of directors was held at which the following resolution was passed:

Resolved that the sum of $6,449.44 be, and the same hereby is, appropriated and set aside from the surplus profit of the company toward the payment of a special dividend of 16⅛ per cent upon its outstanding capital stock, said dividend to be due and payable on the 28th day of June, 1918, to the stockholders of record on said date.

Resolved further that the treasurer of this company be, and he hereby is, authorized to notify the stockholders of such dividends and pay the same when due.

By virtue of said resolution the accounts of the stockholders entitled to participate in the dividend were credited with the respective amounts due such stockholders and the surplus account of the taxpayer was debited with the full amount of the dividend. Of the amount of $6,449.44 declared as a dividend, only $449.44 was actually paid.

On the 28th day of December, 1919, a special meeting of the board of directors of the taxpayer was held at which the following proceedings were had:

The chairman then read to the meeting the communication received by [*sic*] Archibald Davidow and Melville Davidow.

"302 FIFTH AVENUE,
NEW YORK CITY, N. Y.,
*December 28, 1919.*

" To the Board of Directors, Wm. H. Davidow Sons Co., Inc.

" On June 28th, 1918, your Board declared a dividend upon the capital stock of Wm. H. Davidow Sons Co. of 16⅛ per cent and to the amount of $6,449.44. No part of this has been paid except the sum of $449.44.

" We, Archibald Davidow and Melville Davidow being all of the stockholders of the Wm. H. Davidow Sons Company and at the time of the declaration of this dividend entitled thereto, hereby waive all right and claim to the remainder of such dividend unpaid or any sums that might be due thereon, and we do suggest to your Board of Directors that the amount of $6,000, thus remaining out of the original appropriation for dividends be kept in the treasury and be added to the surplus of the company.

" Very truly yours,"

Upon motion duly made, seconded and carried, the suggestion of Archibald Davidow and Melville Davidow was accepted and the sum of $6,000, out of the amount appropriated for the payment of dividends June 28th, 1918, is hereby revoked and the said amount is hereby added to and made a part of the company's surplus.

Upon the passage of the above resolution entries were duly made on the books of the taxpayer debiting the stockholders' accounts and crediting the surplus account of the corporation with the $6,000 unpaid balance of the dividend declared on June 28, 1918.

In computing the invested capital of the taxpayer for the calendar year 1919, the Commissioner excluded therefrom to December 28, 1919, $6,000, which was the unpaid portion of the dividend declared June 28, 1918, and restored to the surplus of the corporation December 28, 1919.

### DECISION.

The determination of the Commissioner is approved.

OPINION.

MARQUETTE: The taxpayer relies upon the decision in the case of *English & Mersick Co.* v. *Eaton*, 299 Fed. 646, recently affirmed by the Circuit Court of Appeals of the Second Circuit in *Eaton* v. *English & Mersick Co.*, 7 Fed. (2d) 54, as authority for its position that the portion of the dividend declared by the taxpayer which remained in the business constituted a part of its invested capital. We think the facts in this appeal clearly distinguish it from the *English & Mersick* case, and that the decision therein is not authority for the taxpayer's position. On the contrary, the reasoning of the court and the authorities cited make against, rather than for, the taxpayer's conclusion. The decision in that case was based upon two primary propositions: First, that the resolutions set forth did not constitute the declaration of dividends; and second, that the resolutions did not create an indebtedness. Consequently they did not serve to affect the corporation's surplus, and the amounts credited to the stockholders' accounts remained a part of the corporation's invested capital. Here we have an entirely different situation. There can be no question but that the resolution of June 28, 1918, constituted a declaration of a dividend out of the existing surplus and a portion of the dividend was actually paid.

The effect of the declaration of a dividend is to create the relation of debtor and creditor between the corporation and its stockholders, and the holders of the stock, with respect to the dividend, are on a par with the other creditors of the corporation. *Staats* v. *Biograph Co.*, 236 Fed. 454; *United States* v. *Guinzburg*, 278 Fed. 363. This indebtedness reduces the corporation's surplus in the amount of the dividend declared, and there is a corresponding reduction in the invested capital.

In *Appeal of A. H. Stange*, 1 B. T. A. 810, the Board said:

The outstanding features of a dividend declaration are that, by the mere declaration, the dividend becomes thereby separated and segregated from the stock and exists independently of it; the *right* thereto becomes immediately fixed and absolute in the stockholders, and the corporation becomes a debtor to its stockholders for their pro rata shares. There is an apportionment or division of the assets of the corporation, to the extent of the dividend, to its stockholders. The corporation is at once poorer in the amount of the dividend declaration, and the stockholder becomes richer in his own right, to the extent of his pro rata share. What theretofore existed as undivided profits or surplus has become divided profits and the surplus is reduced to the extent of the dividend declared. It has ceased to be the property of the corporation and has become the property of the stockholder, and his interest therein becomes adverse to the corporation and to every other stockholder. We think this division or segregation of the amount of the dividend from the general mass of the corporate property and its apportionment to the stockholders is included in the words *any distribution made*, as used in the statute, and that those words must be given the same legal effect as results from the declaration of a dividend.

The Revenue Act of 1918 defines invested capital as follows:

SEC. 325. (a) That as used in this title * * *
The term "borrowed capital" means money or other property borrowed, whether represented by bonds, notes, open accounts, or otherwise.
SEC. 326. (a) That as used in this title the term "invested capital" for any year means (except as provided in subdivisions (b) and (c) of this section):
(1) Actual cash bona fide paid in for stock or shares;

(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment, * * *;

(3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year; * * *

(b) As used in this title the term "invested capital" does not include borrowed capital.

It is clear, therefore, that the amount of the dividend declaration herein can not be included in invested capital as a part of the corporation's surplus. Since $6,000 of the dividend remained in the business, it must have been either invested capital or borrowed capital, and we are of opinion that it comes within the terms of the latter as defined in the statute, and is not properly a part of invested capital. *Appeal of Electrical Supply Co.*, 1 B. T. A. 658; *Appeal of Kelly-Buckley Co.*, 1 B. T. A. 1154. The Commissioner properly excluded this amount from the invested capital of the taxpayer for the year 1919 to December 28, when the right thereto was waived by the stockholders and the amount returned to the surplus account of the corporation.