APPEALS OF EUGENE E. PAUL, CLARENCE D. MOONEY, AND WILLIAM E. TURNER.

Docket Nos. 955, 956, 957.    Submitted March 6, 1925.    Decided June 24, 1925.

A dividend declared by the Peerless Manufacturing Co. did not constitute a stock dividend.

*Harry A. Fellows, Esq.*, for the taxpayers.

*Robert A. Littleton, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

These appeals involve the same question arising from the same state of facts and were consolidated at the hearing. The appeals are from a determination of the Commissioner proposing to assess a deficiency against the taxpayers for the year 1920, in the amounts of $460.89, $216.55, and $955.04, respectively, and arise from the inclusion of amounts in the income of the taxpayers alleged to represent dividends received by them during the year. The appeals were submitted on the pleadings and stipulations of fact by the parties, from which the Board makes the following

### FINDINGS OF FACT.

The taxpayers (hereinafter called the purchasers,) were stockholders of the Peerless Manufacturing Co. and on December 28, 1917, they entered into an agreement with all but one of the remaining stockholders of the corporation (hereinafter called the sellers,) to purchase their shares of common stock at $150 per share, an option being given which was to expire July 1, 1921.

The contract provided, among other things, for the taking of an inventory as of July 1 of each year; that whenever such inventory should disclose surplus or undivided profits in excess of the book value of the real estate, machinery and fixtures, and $50 per share on the common stock, such excess would be distributed as a dividend to the holders of common stock, and that, if no excess was disclosed, no dividend would be declared.

On August 21, 1920, the directors of the Peerless Manufacturing Co. unanimously voted "to pay a dividend of seventy per cent (70%) on the outstanding common stock to stockholders of record on August 20, 1920, such dividend to be payable forthwith." At the time of the declaration of the dividend the corporation had a surplus in excess of the amount of the dividend so declared.

On August 27, 1920, the stockholders of the Peerless Manufacturing Co. voted to increase the capital stock of the company from $160,000 to $217,500 by the issuance of 350 additional shares of preferred stock and 225 additional shares of common stock, each of the shares having a par value of $100.

On August 27, 1920, the sellers agreed with the corporation to purchase 250 shares of the additional preferred stock of the corpo-

ration and the purchasers agreed with the corporation to purchase the remaining 100 shares of the additional preferred stock, and also agreed to purchase the 225 shares of additional common stock for $267 per share.

On August 27, 1920, the purchasers and the sellers entered into an oral agreement to the effect that, upon the issuance to them of the dividend checks, pursuant to the resolution of August 21, 1920, they would not cash the checks but would use them for the purpose of purchasing from the corporation the 225 shares of additional common stock.

At the time the dividend checks were issued there was written on the back of each check the following indorsement: " Pay to the order of P. A. Johnson, Treasurer [of Peerless Mfg. Co.]."

When the checks issued for the payment of the dividend declared on August 21, 1920, were delivered, each stockholder immediately signed his name below the indorsement appearing on the back of his check and handed it to the treasurer of the corporation, and the treasurer at the same time delivered to the stockholders stock in the amount of their respective checks. These dividend checks were dated September 17, 1920, but were not actually delivered to the stockholders until September 20, 1920.

During the period September 16 to September 20, 1920, inclusive, the books of the Peerless Manufacturing Co. showed the following bank balances:

Balance per books Sept. 16, 1920 _____ $1, 102. 78
Add:
    Deposits Sept. 17 _____ $20, 353. 05
Less:
    Checks drawn Sept. 17 Div _____ $59, 500. 00
    Other _____ 3, 669. 79
                                 63, 169. 79

Net withdrawals per books Sept. 16 _____ 42, 816. 74

Overdraft—per books Sept. 17 _____ 41, 713. 96
Add:
    Deposits Sept. 18 (no withdrawals) _____ 1, 886. 32

Overdraft—per books Sept. 18 _____ 39, 827. 64
Sept. 19—No transactions.
Add:
    Deposits Sept. 20—
        Dividend checks _____ 59, 500. 00
        Additional stock _____ 575. 00
        Trade checks _____ 1, 782. 57

        Total deposits _____ 61, 857. 57
Less:
    Checks drawn—trade _____ 18, 597. 57
                        -[18, 597. 86]

Net deposits per books Sept. 20 _____ 43, 259. 71

Balance—Sept. 20 per books _____ 3, 432. 07

DECISION.

The determination of the Commissioner is approved.

OPINION.

MARQUETTE: The contention of the taxpayers is that, looking through form to substance, the dividend of the Peerless Manufacturing Co. constituted a stock dividend as to them, and consequently was not taxable as income. In support of their position they rely upon the decisions in *United States* v. *Mellon*, 279 Fed. 910, affirmed in 281 Fed. 645, and *United States* v. *Davison*, 1 Fed. (2d) 465. There are no doubt expressions in both cases which give color to the conclusion that the dividend herein constituted a stock dividend, and this is especially true of the *Davison* case, where the court said:

> If the purpose of the corporation is to retain the accumulated profits, while in effect distributing them as a dividend, it would seem immaterial whether the stock was issued direct or the stockholder given the right to apply the cash dividend declared in payment of the new stock, as the effect in the two cases would be precisely the same. In either case, the accumulated profits are legally retained for corporate purposes. In neither case has the stockholder received anything out of the company's assets for his individual use. On the other hand, his original investment and its accumulations, still remain the property of the company and subject to the hazards of its business. In fact, he has not received that which may be properly designated income. .

Assuming the conclusions of the court to be a correct statement of the law, we do not think they are applicable to the facts before us. The resolution declaring the dividend by the Peerless Manufacturing Co. was passed prior to the date of the resolution authorizing the increase in the capital stock, and neither resolution contained an option to the stockholders with relation to the application of the dividend declared in the purchase of new stock. The result of the dividend resolution was to create the relation of debtor and creditor as between the corporation and its stockholders in the amount of the dividend declared. *Appeal of A. H. Stange*, 1 B. T. A. 810; and *Appeal of Wm. H. Davidow Sons Co., Inc.*, 1 B. T. A. 1215. The agreement between the individual stockholders to purchase new stock with dividends when paid does not serve to change the character of the corporate action and make that a stock dividend which was intended to be a cash dividend.

Upon the declaration of a dividend the right of the stockholders becomes fixed and the dividend becomes segregated from the stock and exists independently of it; the acquisition of new stock of the corporation with the dividend checks constitutes a purchase of the stock and the dividend was consequently realized as income at the time the checks were received. We do not regard the fact that the corporation had insufficient cash on hand to pay the dividend as of

controlling importance. It had a surplus in excess of the dividend declared, and the indebtedness to its stockholders existed irrespective of that fact. The right to declare a dividend from surplus profits was exercised by the directors and it became their duty to provide ways and means to make payment thereof. If surplus profits have in fact been earned and are invested in property used in the business of the corporation, a dividend may properly be paid by borrowing money. 6 Fletcher Cyc. Corps., sec. 3665.

We are therefore of opinion that the dividend declared by the Peerless Manufacturing Co. on August 21, 1920, was a cash dividend, and that the subsequent action of the stockholders in indorsing the dividend checks to the corporation in exchange for its stock did not constitute the dividend a stock dividend.