## Appeal of WILLIAM GREILICH & SONS, INC.

Docket No. 4647.    Submitted October 27, 1925.    Decided April 20, 1926.

1. Certain credit balances in the accounts of the stockholders of the taxpayer, *held* not to be a part of surplus during the taxable year 1919 for invested capital purposes. *Appeal of Kelly-Buckley Co.*, 1 B. T. A. 1154; *Appeal of Wm. H. Davidow Sons Co.*, 1 B. T. A. 1215.

2. Capital expenditures made by a tenant at will are not deductible as ordinary and necessary expenses. *Appeal of Sentinel Publishing Co.*, 2 B. T. A. 1211; *Appeal of Thatcher Medicine Co.*, 3 B. T. A. 154; *Appeal of William Scholes & Sons, Inc.*, 3 B. T. A. 598.

*John J. Helmus, C. P. A.*, for the taxpayer.
*T. P. Dudley, Jr., Esq.*, for the Commissioner.

Before MARQUETTE, GREEN, and LOVE.

This is an appeal from the determination of a deficiency in income and profits tax for the year 1919, in the amount of $6,057.71.

The deficiency arose by reason of (1) the refusal of the Commissioner to include as surplus $65,000 donated by the three stockholders of the corporation, thereby reducing invested capital; and (2) the refusal of the Commissioner to treat as expense an expenditure of $12,767.32, thereby increasing net profits.

### FINDINGS OF FACT.

The taxpayer is a New York corporation organized in 1913 with a capital stock of $10,000, which has remained unchanged, and the whole thereof from date of organization down to and including the taxable year was owned by William Greilich and his two sons.

Prior to 1920, the stockholders drew out of the business only such money as was needed by them to meet current personal expenses, and their salaries were credited to each of them respectively. The net profits were left in the business and carried to the surplus account, and the surplus account had credited to it, on January 1, 1919, $60,660.28, and the three stockholders had credited to them amounts as follows:

| | |
|---|---:|
| Charles Greilich | $12,186.00 |
| Henry C. Greilich | 14,695.01 |
| William Greilich | 20,806.32 |
| | 47,687.33 |

On December 31, 1919, entries were made on the books as follows:

| Debit. | Account. | Credit. |
|---|---|---|
| $38,000 | William Greilich | |
| 13,500 | Henry C. Greilich | |
| 13,500 | Charles W. Greilich | |
| | Paid-in surplus (Jan. 1, 1919) | $65,000 |

The Commissioner included said amount for 1920, but refused to include it for 1919.

In the latter part of 1918, Henry C. Greilich, the vice president of the company, was advised by a friend that it would be to the corporation's advantage, for income-tax purposes, if the amounts left in the business by the stockholders and credited to their several personal accounts, were transferred to the surplus account. Henry Greilich spoke to his father about the matter and his father told him to handle the matter as he deemed proper, and they de-

cided it would be proper and best to so transfer said accounts. The actual transfer was not made until December 31, 1919. There was never any formal action taken by the board of directors in regard to this matter.

During the year 1919, and until August, 1920, the taxpayer used a building situated in Port Jervis, N. Y., which building had in prior years been used by the Military Equipment Co. for the production of kit-bags, barrack bags, and like products for use of the soldiers during the World War.

When the taxpayer took over the use and occupancy of said building in January, 1919, it had to readjust the arrangement of the building, take out certain machinery and put in other machinery, to adapt the plant to the needs of taxpayer's business. There were installed new electric lighting, wiring for motors, heating system, a new boiler, new concrete floors, new doors and windows, and new plumbing, resulting in an expenditure of $12,767.32.

The taxpayer deducted the whole thereof as expense. The Commissioner treated the same as a capital expenditure, and allowed depreciation in the amount of $1,314.71, thus increasing net profits in the amount of $11,452.61.

The taxpayer did not have a lease for said premises. It occupied the premises free of rent, for about 20 months, and then abandoned them.

### OPINION.

Love: The taxpayer contends that, by reason of the fact that the amounts credited to the several stockholders were left in the business and used by the corporation during 1919, and carried to surplus December 31, 1919, as of January 1, 1919, invested capital should include those amounts for 1919.

It will be noted that on January 1, 1919, the aggregate amount of those individual credits was $47,687.33, and apparently it was not until December 31, that those accounts were increased to the aggregate of exactly $65,000 for the purpose of the transfer of same to surplus.

Those credits remained throughout the year 1919 in the name of the several stockholders, subject to withdrawal by them. They constituted an indebtedness of the corporation and can not, therefore, be included in invested capital. *Appeal of Kelly-Buckley Co.*, 1 B. T. A. 1154; *Appeal of Wm. H. Davidow Sons Co.*, 1 B. T. A. 1215.

In regard to the $12,767.32 expended for improvements in 1919, it is clear that they normally fall within the class recognized as capital expenditures rather than ordinary and necessary expenses.

This being true, we are expressly prohibited by statute from directly deducting the same in computing net income. Section 215 of the Revenue Act of 1918 provides in part:

Sec. 215. That in computing net income no deduction shall in any case be allowed in respect of—

\*          \*          \*          \*          \*          \*          \*

(b) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate.

From the evidence it appears that the taxpayer did not own the property upon which it made the improvements, nor did it have a lease or pay rent. Its tenure was in the nature of a permissive use or tenancy at will and the taxpayer did, in fact, abandon the premises after 20 months' use. The taxpayer contends that, by reason of its uncertain tenure, it should be allowed to exhaust the entire cost of improvements in the year in which made. This contention, however, is not tenable. *Appeal of Sentinel Publishing Co.,* 2 B. T. A. 1211; *Appeal of Thatcher Medicine Co.,* 3 B. T. A. 154; *Appeal of William Scholes & Sons, Inc.,* 3 B. T. A. 598.

*The deficiency is $6,057.71. Order will be entered accordingly.*