B. R. NORVELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. B. R. NORVELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7720, 7719.    Promulgated February 4, 1927.

A $20,000 dividend of The American National Bank of Beaumont, Texas, in 1920 was a stock dividend and did not constitute taxable income to the petitioners.

*Evert L. Bono, Esq.*, and *Hampson Gary, Esq.*, for the petitioners.
*Wm. H. Lawder, Esq.*, for the respondent.

The Commissioner determined a deficiency in income tax of $1,040.60 against each of the petitioners for the calendar year 1920 as a result of his holding that a dividend of $20,000 declared by The American National Bank of Beaumont, Texas, was a cash dividend and constituted taxable income. The petitioners claim that this was a stock dividend. These proceedings were consolidated for hearing and decision.

### FINDINGS OF FACT.

During the year 1920 the petitioners were residents of the State of Texas and for that year they each filed a separate income-tax return and reported one-half of the community income.

B. R. Norvell owned $20,000 par value of capital stock of The American National Bank of Beaumont, Texas, on March 4, 1920. On that date the stockholders of that bank adopted the following resolution:

Resolved, that under the provisions of the Act of May 1st, 1886, the capital stock of The American National Bank of Beaumont be and the same is hereby increased in the sum of One Hundred and Fifty Thousand ($150,000.00) Dollars, making the total capital Two Hundred and Fifty Thousand ($250,000) Dollars, to be divided into Twenty-five Hundred (2500) shares of the par value of One Hundred ($100.00) Dollars each.

Resolved, that a stock dividend of 100% be and the same is hereby declared payable out of the surplus fund on hand prior to March 1st, 1913, and that the President and Cashier of this Bank are hereby directed to issue 1000 shares of the capital stock of this Bank to the present stockholders in proportion to the amount of stock now owned by them respectively.

On the same date the directors of the bank passed a resolution as follows:

Be it resolved that the resolution this day adopted by the stockholders of this Bank increasing the capital stock from One Hundred Thousand ($100,000) Dollars, its present capital, to Two Hundred and Fifty Thousand ($250,000.00) Dollars, and the declaration of stock dividend of One Hundred Thousand ($100,000.00) Dollars, payable out of the surplus account prior to March 1st, 1913, be and the same is hereby ratified and confirmed and the proper officers of this bank are hereby directed to issue 1000 shares of the capital stock of the Bank to the present stockholders in proportion to the amount of stock now owned by them respectively.

On March 5, 1920, the bank issued its check, No. 2178, signed by Chas. H. Stroeck, vice president and cashier, to B. R. Norvell for $20,000. On the face of this check was written "STOCK DIVIDEND CHECK from surplus earned prior to March, 1913." Upon receipt of the check, B. R. Norvell endorsed it as follows: "In payment of 200 shares of stock in American National Bank out of earnings prior to March, 1913. B. R. Norvell." Whereupon the bank issued to

him $20,000 par value of its stock pursuant to the above-quoted resolution.

The accumulated earnings of the bank for the period beginning March 1, 1913, and ending March 4, 1920, were sufficient to cover the 100 per cent dividend declared on the last-mentioned date.

Prior to December, 1921, the Comptroller of the Currency held that a national bank could not legally declare a dividend payable in its own stock.

## OPINION.

LITTLETON: Petitioners contend that the bank declared and paid a stock dividend and that the issuance by the bank of its check to B. R. Norvell, which was immediately endorsed and returned to the bank before the stock was issued to him, was merely a matter of form in the payment of the stock dividend in order not to violate the instructions of the Comptroller of the Currency, and that this did not make the dividend a cash dividend so as to become taxable income.

The Commissioner contends, first, that, under the instructions of the Comptroller of the Currency to national banks in effect in 1920, a national bank could not declare a dividend payable in its own stock and that these instructions had the force and effect of law; secondly, that the evidence in this case which shows that the bank issued its check for $20,000 in favor of B. R. Norvell, which he endorsed back to the bank, is insufficient to justify a decision that this was a stock dividend.

The cases heretofore decided by the Board on the question whether a dividend should be treated for income tax purposes as a cash or stock dividend have been cases in which a cash dividend was declared and the stockholders by one means or another in the end were in possession of stock. See *Appeals of A. H. Stange*, 1 B. T. A. 810; *Wm. H. Davidow Sons Co.*, 1 B. T. A. 1215; *Eugene E. Paul*, 2 B. T. A. 150; *W. J. Hunt*, 5 B. T. A. 356. In those cases it was held that the dividend was taxable because " The result of the dividend resolution was to create the relation of debtor and creditor as between the corporation and its stockholders in the amount of the dividend declared.   *   *   *   The agreement between the individual stockholders to purchase new stock with dividends when paid does not serve to change the character of the corporate action and make that a stock dividend which was intended to be a cash dividend." *Appeal of Eugene E. Paul*, 2 B. T. A. 150. It would seem to follow from reasoning of the cases cited in the light of the declaration of the court in *Eisner* v. *Macomber*, 252 U. S. 189, that, under such circumstances as are presented in this proceeding, the $20,000 divi-

dend should be held to be a stock dividend. In *Eisner* v. *Macomber*, *supra*, the court said (p. 211):

A "stock dividend" shows that the company's accumulated profits have been capitalized, instead of distributed to the stockholders or retained as surplus available for distribution in money or in kind should opportunity offer. Far from being a realization of profits of the stockholder, it tends rather to postpone such realization, in that the fund represented by the new stock has been transferred from surplus to capital, and no longer is available for actual distribution.

The essential and controlling fact is that the stockholder has received nothing out of the company's assets for his separate use and benefit; on the contrary, every dollar of his original investment, together with whatever accretions and accumulations have resulted from employment of his money and that of the other stockholders in the business of the company, still remains the property of the company, and subject to business risks which may result in wiping out the entire investment. Having regard to the very truth of the matter, to substance and not to form, he has received nothing that answers the definition of income within the meaning of the Sixteenth Amendment.

The American National Bank never declared a cash dividend. The stockholders never acquired any rights to any part of the cash surplus of the corporation. The stockholders and directors never intended that any stockholders should receive money. The bank desired to issue its increased capital stock to its stockholders against the accumulated surplus and they, as well as the directors, so declared. The resolution of the stockholders shows that they understood that the dividend was to be a stock dividend and that they were not to receive any cash. The method and manner adopted by the bank to pay the stock dividend by issuing its check in favor of the petitioner designated "stock dividend check" in order to circumscribe the instructions of the Comptroller of the Currency was merely a matter of form and did not affect the substance of the matter. So far as we have been able to find, the National Banking Laws do not prohibit the declaration of a stock dividend by a national bank. The instructions of the Comptroller of the Currency outstanding in 1920 were rescinded by him in 1921 and national banks were then permitted to declare and pay stock dividends. But, whatever may have been the instructions of the Comptroller of the Currency, if a bank declared and paid a stock dividend, which we believe this bank did, the instructions that it might not do so could not make the stock dividend taxable income. The evidence shows that the petitioner and the bank understood that the stockholders were not to receive cash but were to receive stock in accordance with the resolution. The check which was issued to the petitioner was plainly marked "stock dividend" and shows that he did not receive it as cash. The bank would not have cashed it because no cash dividend had been declared and, under the dividend reso-

lution, the petitioner had no claim upon or right to receive any portion of the cash surplus of the bank. As was said by the court in *Eisner* v. *Macomber, supra,* "the essential and controlling fact is that the stockholder has received nothing out of the company's assets for his separate use and benefit." See *United States* v. *Mellon,* 279 Fed. 910; 281 Fed. 645; *United States* v. *Davison,* 1 Fed. (2d) 465; *Appeal of Theresa Zellerbach,* 2 B. T. A. 1076. The surplus still remained the property of the bank and was subject to the risks of the business.

The Commissioner held that this dividend was taxable upon the authority of his Office Decision 588, C. B. No. 3, p. 24, in which he held that:

In view of the fact that national banks are authorized by law to issue only cash dividends (see "Instructions of the Comptroller of the Currency Relative to the Organization and Powers of National Banks" for 1919, p. 56) such dividends, coupled with the right to apply same to the purchase of an increase in capital stock, are not within the decision of the Supreme Court in the *Eisner* v. *Macomber* case and are taxable income to the stockholder for surtax purposes.

This ruling has no application here because this was not a cash dividend coupled with the right to apply the same to the purchase of an increase in capital stock. In the opinion of the Board, the $20,000 dividend was a stock dividend and the Commissioner erred in including the same in taxable income.

The deficiency notices disclose that the entire deficiency for 1920 resulted from the inclusion of this dividend in taxable income.

> *Judgment of no deficiency for the year 1920 will therefore be entered in each of the proceedings.*