H. C. WIESS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

OLGA WIESS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7615, 7637.    Promulgated June 23, 1927.

1. Transaction *held* to have been a *bona fide* gift of stock and no gain realized on the sale of all but one share thereof on the day the gift was made. Loss allowed on sale of remaining share for less than the value established by the prior sale.

2. On the evidence *held* the warrants sold by petitioner were those acquired by gift, and as the sales price was substantially the same as the value at the time of acquisition, no gain was realized.

3. *Held,* the dividend was a stock dividend and did not constitute taxable income. *Norvell* v. *Commissioner,* 6 B. T. A. 56.

*Fred R. Angevine, Esq.,* for the petitioners.
*Brice Toole, Esq.,* for the respondent.

These are proceedings for the redetermination of deficiencies for the calendar year 1920, as follows:

| | |
|---|---|
| H. C. Wiess | $9,059.95 |
| Olga Wiess | 9,025.41 |

The questions for decision are: (1) Whether an alleged gift of stock by Wiess to his wife was a valid gift, (2) whether certain warrants sold by Wiess were received by gift, and (3) whether a dividend received in 1920 was a cash or stock dividend.

By stipulation of the parties the two appeals were consolidated for trial and decision.

The petitioners are husband and wife residing at Houston, Tex. For the year 1920 they filed separate returns, reporting income on the community property basis.

During the taxable year H. C. Wiess was engaged in the oil business. Owing to the hazardous nature of that business Wiess desired to establish a separate estate for his wife and with that object in view he made several gifts of property to her prior to the transaction here involved. On March 19, 1920, Wiess gave to his wife 51 shares of stock of the Magnolia Petroleum Co., which he had acquired in 1918 at their par value of $100 per share. This gift constituted a comparatively small part of his wealth at that time. On the same date, March 19, 1920, Mrs. Wiess sold through Neuhaus & Co., a firm of brokers in Houston, 50 shares of the stock for $21,749. The funds received from that sale were left on deposit with the brokers and through them, on the same date as the sale, Mrs. Wiess purchased 50 shares of Gulf Oil Corporation stock for a total of $22,500, paying the difference in cash. Mrs. Wiess has since held the Gulf Oil Corporation stock purchased at that time and has received the dividends paid on it.

Each of the petitioners kept books of account. In the journal of Wiess the following entry recording the gift of the stock to Mrs. Wiess was made:

| April 30. Donations | | $5,100.00 | |
| | Magnolia Pet. Co. stock 51 shares given Mrs. H. C. Wiess | | |
| | 3/19/20. Cost par. Certificates #967–1218–1477–1532– | | |
| | 1744–2159–3062 | | $5,100.00 |

In the journal of Mrs. Wiess the stock transactions of March 19, 1920, are recorded by the following entries:

| Apr. 30. Neuhaus & Co | | $21,824.00 | |
| | Dividend 50 Gulf Oil at 1½ | $75.00 | |
| | Magnolia Pet. Co. stock 50 shares given me by H. C. Wiess | | |
| | sold 3/19/20 at | 21,749.00 | |

| Apr. 30. Magnolia Pet. Co. Stock | | 21,749.00 | |
| | Mrs. H. C. Wiess Investment a/c The 50 shares above were | | |
| | given me by H. C. Wiess at time of sale | 21,749.00 | |

The remaining share of Magnolia Petroleum Co. stock was subsequently sold by Mrs. Wiess through Neuhaus & Co. for $370, the sale being recorded in her ledger under date of July 31, 1920.

The above book entries were made on April 30, 1920, by one Whitehurst, whose principal employment is with several corporations. He is paid a nominal salary by the petitioners for keeping their books. He keeps a memorandum indicating the state of the bank balances of the petitioners, so as to give them a statement thereof whenever they

call for it. The actual posting to the books is done in the spare time of the bookkeeper after office hours, at intervals ranging from one month to three months or more.

In 1920 the petitioner, H. C. Wiess, was a stockholder in the Humble Oil & Refining Co. By virtue of his stock ownership the petitioner received 1256 of what were known as Humble Oil & Refining Co. " B " warrants, each of which gave him the right to subscribe for three-fourths of a share of stock at $250. In addition to the " B " warrants issued to him, Wiess acquired 809 by gift from his mother, Mrs. William Wiess.

Prior to April 30, 1920, the petitioner disposed of all of the " B " warrants. Of the 1256 issued to him, the petitioner gave 120 as a bonus for a loan, exercised his subscription rights under 84 and bought stock, and transferred the remaining 1052 to the Houston Land & Trust Co., in trust for his minor children. Of the 809 warrants received by gift from his mother, the petitioner sold 25 to A. K. Gordon, 400 through Emanuel Parker & Co., brokers, and 384 through a pool managed by R. L. Blaffer, an associate of the petitioner. The petitioner gave his bookkeeper a memorandum showing the disposition of the warrants and under date of April 30, 1920, the bookkeeper entered the sale of the 809 shares in the petitioner's journal as follows:

| Apr. 30 | Humble B. Warrants_____ | $45, 515. 35 | |
|---|---|---|---|
| | H. C. Wiess Investment_____ | | $45, 515. 35 |
| | Account: Mrs. Wm. Wiess | | |
| 25 | gave me the 25 shares sold | | |
| | A. K. Gordon at $45.00_____ | 1, 125. 00 | |
| 400 | 400 sold E. P. & Co. at $57.50_____ | 23, 000. 00 | |
| 384 | 384 sold through Pool at $55.704_____ | 21, 390. 35 | |
| 809 | | | |

There was no material change in the value of the warrants sold between the time they were given him and the time he sold them.

On March 4, 1920, petitioner, H. C. Wiess, was a stockholder in the American National Bank of Beaumont, Tex., holding on that date capital stock of the said American National Bank of the par value of $4,500.

On March 4, 1920, the stockholders of the American National Bank of Beaumont passed the following resolution:

Resolved, that under the provisions of the Act of May 1, 1886, the capital stock of the American National Bank of Beaumont be and the same is hereby increased in the sum of $150,000, making the total capital $250,000, to be divided into 2500 shares of the par value of one hundred dollars each.

Resolved, that a stock dividend of one hundred per cent be and the same is hereby declared, payable out of the surplus fund on hand prior to March 1, 1913, and that the President and Cashier of this bank are hereby directed to issue one thousand shares of the capital stock of this bank to the present

stockholders in proportion to the amount of stock now owned by them respectively.

On the same date the directors of the bank passed the following resolution:

Be it resolved that the resolution this day adopted by the stockholders of this bank increasing the capital stock from one hundred thousand dollars, its present capital, to $250,000, and the declaration of a stock dividend of one hundred thousand dollars, payable out of the surplus account prior to March 1, 1913, be and the same is hereby ratified and confirmed and the proper officers of this bank are hereby directed to issue one thousand shares of the capital stock of the bank to the present stockholders, in proportion to the amount of the stock now owned by them respectively.

Following the dividend declaration so made by the Board of Directors, the bank, on March 5, 1920, issued its check to the petitioner, H. C. Wiess, in the amount of $4,500. On the face of the check was written " Stock Dividend Check from surplus earned prior to March, 1913."

Upon receipt of the check petitioner endorsed it and returned it to the bank, whereupon the bank issued to him $4,500 par value of its capital stock.

The accumulated earnings of the bank for the period beginning March 1, 1913, and ended March 4, 1920, were sufficient to cover a 100 per cent dividend as of March 4, 1920.

Prior to December 19, 1921, the Comptroller of Currency held that a national bank could not legally declare a dividend payable in stock of such bank.

OPINION.

ARUNDELL: The first question is whether H. C. Wiess made a valid gift of 51 shares of Magnolia Petroleum Co. stock to his wife on March 19, 1920. If it was a valid gift, no taxable income resulted from the sale of 50 shares through a firm of brokers on the same day. The Commissioner found the transaction to be " colorable " and determined that a profit had been realized on it.

All of the evidence before us indicates that a bona fide gift was made by Wiess to his wife. Realizing that the business in which he was engaged was hazardous he had it in mind to provide protection for his wife and family and to that end he had made several gifts to his wife prior to the transaction here involved. The stock was sold through a firm of brokers who accounted to the wife for the proceeds, and such proceeds were used by the wife for the purchase of other stock which she has since held and upon which she has received dividends. Each of the petitioners kept a set of books in which were recorded the several steps in the transaction. If a question arises from the fact that the transaction was not recorded in the books of the petitioners until April 30, 1920, a satisfactory

answer is found in that such was the usual practice due to the book-keeper's devoting only his spare time to posting their books. There is also the fact, and we deem it corroborative of the petitioners' claims, that the remaining one share of the stock involved was not sold until some time later in 1920 and it, too, was entered in the books of Mrs. Wiess as a transaction of her own. Considering all the evidence, we are of the opinion that Wiess made a *bona fide* gift of the 51 shares of stock to his wife on March 19, 1920, and that no taxable income arose from the sale of 50 shares thereof on the same date. As to the remaining share, a loss was sustained by Mrs. Wiess of $65, being the difference between $435, established as the value at the time of the gift, and $370, the selling price of the one share.

As to the "B" warrants of the Humble Oil & Refining Co., the question is whether the 809 warrants sold by the petitioner in 1920 were the ones acquired by gift from his mother, or whether they were a part of those he acquired through stock ownership in the company. The petitioner endeavored to keep the warrants received by gift separate from the others, and when he sold some of the warrants he sold only the number acquired by gift. We see no reason to doubt the uncontroverted testimony of the petitioner that the warrants he sold were the ones given him by his mother. As the sales price of the warrants was substantially the same as their value at the time acquired by the petitioner, no taxable gain resulted from the sales.

The transaction whereby the petitioner H. C. Wiess received from the American National Bank a check which he turned back for stock, is the same as that involved in *B. R. Norvell* v. *Commissioner*, 6 B. T. A. 56. We reach the same conclusion in this case.

> *Judgment will be entered on 15 days' notice under Rule 50.*