EMILY D. PROCTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11734. Promulgated March 26, 1928.

*Laurence Graves, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

### OPINION.

MILLIKEN: This proceeding relates solely to the dividend paid to the petitioner on January 5, 1920, and error is assigned in that the respondent determined too great a part thereof to be taxable pursuant to section 201 of the Revenue Act of 1918. No controversy exists as to the year of taxation or the rates pertaining thereto.

It is the contention of counsel for petitioner that by the declaration of the dividends on January 2, 1920, there were first declared the regular dividends on the several classes of stock; that such declaration was a necessary condition precedent to the payment of the 30 per cent special dividend here in question; that by such declaration of the regular dividends, the earnings and profits accumulated since February 28, 1913, which were on hand that day, were correspondingly reduced, leaving the payment of the special dividend from such residue, part being represented by earnings and profits accumulated prior to February 28, 1913, and part payable from earnings and profits accumulated subsequent thereto. The principles of law are also urged that the declaration of the dividend, to the extent of such a declaration, separates the earnings and profits from the other property of the corporation and appropriates such earnings to the then stockholders who become creditors of the corporation for the payment of the dividend. *United States* v. *Guinzburg*, 278 Fed. 363; *Plant* v. *Walsh*, 280 Fed. 722; and *Appeal of A. H. Stange*, 1 B. T. A. 810.

The respondent, on the other hand, takes the position that the 30 per cent special dividend, having preceded in payment the regular dividends, shall be deemed to have been paid from the earnings and profits accumulated since February 28, 1913, without regard to any adjustment by reason of the declaration of the regular dividends and that the earnings and profits accumulated since February 28, 1913, on hand at January 5, 1920, should be applied *in toto* to the payment on January 5, 1920, of the dividend here in question.

It is unquestionably true that, as between a stockholder and a corporation, the declaration of a dividend brings into existence the status of a debtor and creditor, and the earnings and profits of the corporation to the extent of such a declaration are separated from the other property of the corporation. *United States* v. *Guinzburg*, *supra; Plant* v. *Walsh, supra;* and *Appeal of A. H. Stange, supra.* Nor is there occasion to question our prior decision of the effect upon the invested capital of a corporation of the declaration of a dividend. See *W. E. Caldwell Co.*, 6 B. T. A. 47, and compare the

decision of the United States District Court for the Western District of Pennsylvania in *Logan-Gregg Hardware Co.* v. *Heiner*, 26 Fed. (2d) 131.

The solution of the question here at issue is a decidedly different one from those just referred to and we must decide in the light of section 201 of the Revenue Act of 1918 whether, for the purposes of Federal taxation, the *distribution* occurs at the date of declaration or the date of payment of a dividend as concerns the taxability of the same when received by the stockholder. The question is answered by the decision of the United States Supreme Court in *Mason* v. *Routzahn*, 275 U. S. 175. The court stated:

Since two of the dividends paid in 1917 were declared in 1916, it becomes necessary for us to consider whether these also are to be deemed distributions made in 1917, as it is only to such that the section applies. It declares that the dividend is income of the shareholders in the year in which it is " received." *We think it clear that, for this purpose, the date of payment, not the date of the declaration of the dividend, is the date of distribution; and as all the dividends here in question were paid in 1917, the provision as to the rate is applicable to all.*

See also the decision of the Circuit Court of Appeals for the Third Circuit in the case of *United States* v. *Phillips*, 24 Fed. (2d) 195.

Section 201 defines the term " dividend " to mean any distribution made by a corporation to its shareholders or members out of the earnings or profits accumulated after February 28, 1913. Construing the above in the light of the decision in *Mason* v. *Routzahn, supra,* the section defines a dividend to mean any *payment* made by a corporation to its shareholders. In the case at bar, the payment was made on January 5, 1920, and we think it beside the point that the corporation may for a profit and loss statement or accounting purposes, or as showing the status existing between the corporation and its shareholders, show its earnings and profits to be reduced by a declaration of a dividend not then paid. The dividend declared must give way to a dividend paid in so far as the taxability of the same in the hands of the stockholders is concerned. It is to tax that which is first distributed by payment rather than declaration that the statute seeks to and does reach.

The date of payment governing rather than the date of declaration, it follows that petitioner should report and be taxed pursuant to the provisions of section 201, on the proportionate part of the dividends paid on January 5, 1920, as is represented by the earnings and profits accumulated since February 28, 1913, which were on hand that day as set forth in the findings of fact.

The *Appeal of A. H. Stange*, 1 B. T. A. 810, in so far as inconsistent herewith, is overruled.

Reviewed by the Board.

*Judgment will be entered for the respondent.*